No. 82-422

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

-------------------------

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

JAMES PATRICK KELLY,
ANTHEL L. BROWN,

Defendants and Appellants.

-------------------------

Appeal from:   District Court of the Third Judicial District,
               In and For the County of Powell
               Honorable Mark P. Sullivan, Judge presiding.

Counsel of Record:

        For Appellants:

        C. F. Mackay, Anaconda, Montana

        For Respondent:

        Hononable Mike Greely, Attorney General, Helena, Montana
        Ted Mizner, County Attorney, Deer Lodge, Montana

-------------------------

                              Submitted on briefs: February 10, 1983

                                    Decided: March 17, 1983

Filed:  MAR 17 1983

_____
                        Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Defendants were convicted in a nonjury trial of escape from the Montana State Prison. They were sentenced by the District Court of the Third Judicial District, Powell County, to four additional years in prison, to be served consecutively. On appeal, defendants claim they were denied the right to a speedy trial.

The defendants escaped from the Montana State Prison on February 15, 1982, and were apprehended on February 20, 1982. On March 11, 1982, the Powell County Attorney filed an information charging the defendants with escape, and the defendants pled "not guilty" on March 18, 1982. On that same day, the defendants moved for substitution of Judge Boyd. Judge Sullivan assumed jurisdiction on April 5, 1982. On April 30, 1982, the defendants moved for a change of venue. A hearing was held, and the motion was denied on July 29, 1982. On August 16, 1982, Judge Sullivan set a trial date for September 15, 1982. On September 13, 1982, the defendants moved to dismiss for lack of a speedy trial. The motion was denied. On September 15, 1982, a stipulation of facts was submitted to the District Court. On that day, the defendants were found guilty of escape.

From the date that the defendants were arrested until their trial date, 207 days elapsed. A pretrial delay of 207 days is sufficiently long to trigger a speedy trial inquiry and shift to the state the burden of explaining the delay and showing absences of prejudice. State v. Freeman (1979), 183 Mont. 334, 599 P.2d 368.

In this instance, the State explained that a good portion of the delay was attributable to the defendants. By making motions for substitution of judge and change of venue, the defendants caused a delay of 108 days. In such a case, although the defendants were merely asserting their procedural rights, the delay caused by the defendants does not weigh against the State. Freeman, 599 P.2d at 371.

If the delay caused by the defendants is deducted from the total delay of 207 days, only 99 days remain that could be attributable to the State. This is clearly within the permissible limits established by this Court. Cf. State v. Shurtliff (1980), ____ Mont. ____, 609 P.2d 303, 37 St.Rep. 713 (382 day delay, caused primarily by the defendant, was not unreasonable); State v. Nelson (1978), 178 Mont. 280, 583 P.2d 435 (8 month delay, caused by defendant's substitution of judges, and other motions, was not unreasonable).

Since no evidence was presented to show that the defendants were prejudiced by the delay, and the delay attributed to the State was reasonable, the judgment of the District Court is affirmed.

_____
                        Justice

We Concur:

_____
        Chief Justice

_____

3

Justices

4