No. 83-375

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

LARRY G. BROWN,

Defendant and Appellant.

Appeal from: District Court of the Eighth Judicial District,
In and for the County of Cascade
Honorable H. William Coder, Judge presiding.

Counsel of Record:

For Appellant:

Robert M. Kampfer argued, Great Falls  Montana

For Respondent:

Honorable Mike Greely, Attorney General, Helena, Montana
Joe R. Roberts, Assistant Attorney General, argued,
Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana

Submitted: April 16, 1984

Decided: May 8, 1984

Filed: MAY - 8 1984

_Ethel M. Harrison_

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant Larry G. Brown appeals the judgment of the Eighth Judicial District Court (Cascade County) entered upon a jury verdict finding him guilty of criminal mischief.

Defendant and Patricia Brown divorced in February 1981, but the conflicts causing the divorce continued. On October 21, 1982 around 10 p.m., Patricia Brown went to the Shamrock Bar to visit Allen Bapp, whom she had been dating. Sometime after 11 p.m., eyewitness Eleanor Schwartz came into the bar and told Allen Bapp that his tires had been slashed. Both Bapp and Patricia Brown went out and found that all four tires on both cars were slashed.

Eleanor Schwartz testified that as she drove up to the front of the bar, she saw someone moving from tire to tire on Bapp's car. She did not recognize the person, but testified that he was clean shaven with short hair, and wearing a jacket, cap, jeans and sneakers.

Several days later, a detective of Cascade County Sheriff's office presented a photographic lineup to Eleanor Schwartz. After narrowing down to two photographs, she picked a photograph of defendant as the person she had seen slashing the tires of Bapp's car at the Shamrock Bar on October 21.

At the trial, Patricia Brown testified that from the time of her divorce from defendant to the night of the offense, a total of 36 tires were slashed on her car. While defendant was incarcerated, no tires were slashed. She also testified that on one occasion, she actually saw defendant slash her tires. Additionally, Bapp and another man whom Patricia Brown dated testified they each had tires slashed during the time they dated Patricia Brown.

2

Defendant's son testified that he witnessed his father slash Patricia Brown's tires on at least one occasion. On the evening of the alleged offense, October 21, the son testified that his father displayed a Buck knife and said he might cut Patricia Brown's tires again.

Defendant's stepdaughter Theresa Brown testified that when defendant came to her apartment on October 21, he was drunk and angry, and claimed he would slash the tires again if he wanted.

Defendant presented an alibi defense. Defendant claimed he was at his stepdaughter's apartment until 11 o'clock. This was corroborated by Theresa Brown and her boyfriend. Other witnesses testified they were at a party with defendant later that night.

A complaint was filed on October 27, 1982. Defendant was arrested the next day and remained in custody until the date of his trial, 182 days later.

On March 1, 1983 defendant made a motion in limine to prevent the State from introducing evidence of any suspected prior course of conduct. The trial court apparently never ruled on the motion in limine. However, an omnibus hearing was held March 22, 1983, at which time the trial court ordered a ten-day notice to defendant if the State planned on presenting evidence of other offenses or acts. Defendant was not given such notice.

The following issues are raised on appeal:

1. Whether it was prejudicial error to allow testimony of other wrongful or criminal conduct without sufficient notice to the defense or explanation to the jury where defendant made no objection at trial.

3

2. Whether it was prejudicial error to refuse to instruct the jury on eyewitness identification where alibi is the raised defense.

3. Whether the defendant was denied a fair trial by an impartial jury because of an unrelated social conversation between a witness and a juror.

4. Whether defendant was denied a speedy trial.

5. Whether it was prejudicial error not to allow the testimony of a witness.

We will first address the speedy trial issue. A delay of 182 days is sufficient to trigger an inquiry into the right to a speedy trial. State v. Fife (Mont. 1981), 632 P.2d 712, 38 St.Rep. 1334.

Defendant argues that the 56 days consumed by motions to set trial date and for continuance, made by stand-by counsel while defendant was proceeding pro se, are not chargeable to the defendant. We disagree. Defendant will not be allowed to gain advantage by jockeying between use and non-use of defense counsel. We find counsel's actions were part of, if not essential to the defense. The motions of counsel for the defense, whether lead counsel or stand-by, are properly attributable to the defendant.

Although the remaining 126-day delay is troublesome, we find the prosecution was reasonably diligent in pursuing this matter. Nor was preparation of the defense hindered. We hold this delay to be within the permissible limits set by this Court pursuant to Barker v. Wingo (1972), 407 U.S. 514; Cf. State v. Nelson (1978), 178 Mont. 280, 583 P.2d 435; State v. Kelly (Mont. 1983), 661 P.2d 26, 40 St.Rep. 364.

Defendant challenges the admission of evidence of prior conduct without notice to the defense. This Court has clearly stated the procedural requirements for introducing

4

evidence of other criminal or wrongful conduct in State v. Just (1979), 184 Mont. 262, 602 P.2d 957:

> "(a) Evidence of other crimes may not be received unless there has been notice to the defendant that such evidence is to be introduced. The procedures set forth in section 46-18-503, MCA should serve as guidelines for the form and content of such notice. Additionally, the notice to the defendant shall include a statement as to the purposes for which such evidence is to be admitted.

> "(b) At the time of the introduction of such evidence, the trial court shall explain to the jury the purpose of such evidence and shall admonish it to weigh the evidence only for such purposes.

> "(c) In its final charge, the court should instruct the jury in unequivocal terms that such evidence was received only for the limited purposes earlier stated and that the defendant is not being tried and may not be convicted for any offense except that charged, warning them that to convict for other offenses may result in unjust double punishment."

Id. at 274.

The defendant never received the required notice. Nor did the trial court explain to the jury the limited purpose of the prior testimony when it was introduced.

The State concedes these procedural errors but argues that defendant is precluded from raising this issue on appeal because no objection was made at trial. We disagree.

A district court will not be put in error where it was not given an opportunity to correct itself. State v. Patton (1979), 183 Mont. 417, 600 P.2d 194; State v. Walker (1966), 148 Mont. 216, 223, 419 P.2d 300, 304. However, in this case the admissibility of the prior conduct testimony was objected to prior to trial. On March 1, 1983, defendant filed with the court a Motion In Limine to exclude such evidence. Though the court did not rule directly on that motion, on March 22, 1983 the court ordered:

> "V. The State will offer evidence of other offenses or acts under Rule 404(b), M.R.E. If notice has not been given, it will be given in writing 10 days before trial."

We hold defendant's allegations of procedural error are preserved by virtue of his Motion In Limine and the trial court's order.

The State also argues that the error is not prejudicial because defendant was in fact aware that the state intended to offer testimony of prior conduct. The prejudice is found in the fact that defendant did not know exactly what acts or crimes he would have to be prepared to defend against at trial, nor did he know the form of such testimony. Had defendant received proper notice, he would have had the opportunity, prior to trial, to evaluate and to move to exclude that portion of such evidence that should not have been admitted. By his Motion In Limine, defendant took sufficient action to settle these issues prior to trial. He was entitled to rely on the court's order that notice must be given.

Since this case is remanded for retrial, it is not necessary to address the remaining issues. The case is reversed and remanded to the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

6