NO. 94-458

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

     Plaintiff and Respondent,

  v.

DUANE STUIT,

     Defendant and Appellant.

**FILED**

JUL 11 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstron, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        William F. Hooks, Attorney at Law,
        Appellate Defender Office, Helena, Montana

     For Respondent:

        Hon. Joseph P. Mazurek, Attorney General,
        Patricia J. Jordan, Assistant Attorney General,
        Helena, Montana

        Dennis Paxinos, Yellowstone County Attorney,
        Billings, Montana


Submitted on Briefs:  May 23, 1996

Decided:  July 11, 1996

Filed:

_____
     Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Defendant Duane Stuit appeals from the judgment of the Thirteenth Judicial District Court, Yellowstone County, adopting the jury verdict finding him guilty of felony criminal endangerment. We affirm.

The issues on appeal are as follows:

1. Did the District Court err in permitting the police officer to testify as to the date of the shooting and the identity of the shooter based on out-of-court statements made to him by the mother and the daughter?

2. If the District Court erred in admitting hearsay testimony, was it harmless error?

FACTS

In late December 1992, a Billings Police Officer was dispatched to the residence of Duane Stuit to investigate a disturbance. Stuit lived there with his common-law wife, Sharon McLain, and her two young children. While the officer was investigating the disturbance, he observed bullet holes in the wall and in the door jamb leading to the children's bedroom. The bullet holes were not the basis for the disturbance complaint which brought the officer to Stuit's home.

Further investigation revealed that Stuit had, at an earlier time, fired at least five shots into the wall and approximately another three shots into the children's door jamb while they were sleeping. This information was related to the officer primarily by

2

Sharon McLain, although the officer apparently also spoke with Sharon's daughter, Shannon.

Stuit was charged with criminal endangerment as a result of the shooting incident. The defense attorney filed a motion in limine requesting that at trial the State be precluded from eliciting testimony from the officer which was anticipated to identify Stuit as the shooter based upon statements made to the officer by others. The State responded that while Sharon was unavailable for trial, Shannon would testify. The judge inquired as to whether Shannon would testify first and was assured she would. The District Court, in ruling on the motion in limine, stated that it was "an evidentiary matter, [and] if it comes up, it can be ruled upon during the trial" and therefore refused to grant the motion.

Although Sharon **was** unavailable for trial, Shannon did testify. At trial Shannon testified that she saw Stuit shoot the gun a maximum of five times from the couch into the wall and then heard at least three shots after she was in bed. Shannon testified that this shooting occurred in the month of December, but did not testify as to the specific date. Over an objection on hearsay grounds, the police officer testified that the shooting occurred on or about December 14. The officer also testified that Stuit was the shooter, but no specific objection was made to this testimony at trial. Stuit was convicted of criminal endangerment and now appeals.

ISSUE 1

Did the District Court err in permitting the police officer to testify as to the date of the shooting and the identity of the shooter based on the out-of-court statements made to him by the mother and the daughter?

Stuit argues that the officer's testimony constituted inadmissible hearsay and that the lower court abused its discretion in admitting the testimony. The standard of review for evidentiary rulings is whether the district court abused its discretion. State v. Riley (1995), 270 Mont. 436, 440, 893 P.2d 310, 313; State v. Santos (1995), 273 Mont. 125, 137, 902 P.2d 510, 517. Questions of admissibility of evidence are left to the sound discretion of the trial court and will not be overturned absent a showing of abuse of discretion. State v. Gollehon (1993), 262 Mont. 293, 301, 864 P.2d 1257, 1263.

The State argues that Stuit waived his opportunity to appeal the admission of the officer's testimony identifying the shooter because the defense counsel failed to object to this question during direct examination. We have stated that we will not put a trial court in error where that court has not been given the opportunity to rule on the admissibility of evidence and to correct itself. State v. McCord (1992), 251 Mont. 317, 325, 825 P.2d 194, 200.

In this case, Stuit's motion in limine requested that the District Court exclude the anticipated testimony of the officer which would identify the shooter based on out-of-court statements

4

made to him by others. A motion in limine preserves trial error for appeal if the motion is sufficiently specific as to the basis for the objection. See State v. Brown (1984), 209 Mont. 502, 506-07, 680 P.2d 582, 584-85; State v. Weeks (1995), 270 Mont. 63, 85, 891 P.2d 477, 490. This motion was sufficiently specific to preserve the trial error for appeal and thus the court's admission of the officer's testimony identifying Stuit as the shooter is properly before this Court, even though there was no specific objection at trial. The officer's testimony as to the specific date of the shooting was admitted over objection at trial and is also properly preserved for appeal. Section 46-20-701, MCA.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Rule 801(c), M.R.Evid. The police officer's testimony at trial as to the identity of the shooter and the specific date of the offense was admittedly based on out-of-court statements made to him by Sharon McLain and her daughter, Shannon. The officer had no personal knowledge of the alleged incident which had occurred approximately two weeks prior to his investigation.

The testimony was offered to prove that Stuit had fired a gun inside his residence thereby making bullet holes in the wall and the door jamb of the children's room on or about December 14, 1992. We hold that the officer's testimony regarding the specific date of the shooting and his testimony as to the identity of the shooter were hearsay. See State v. Alexander (1994), 265 Mont. 192, 875

5

P.2d 345 (testimony by social worker relating what he had been told by an alleged victim as to the location of the offense constituted inadmissible hearsay); State v. Camitsch (1981), 192 Mont. 124, 626 P.2d 1250.

The State goes on to argue that the officer's testimony regarding the specific date of the offense is admissible as an exception to the hearsay rule pursuant to Rule 804(a)(3), M.R.Evid., because Shannon was "unavailable" as a result of her lack of memory on that subject matter. The admission of hearsay evidence under Rule 804 first requires a determination that the declarant is "unavailable" under the rule. In re Marriage of Sarsfield (1983), 206 Mont. 397, 407, 671 P.2d 595, 601. This determination is a preliminary question of fact for the trial court to decide. State v. Nielsen (Or. 1993), 853 P.2d 256, 261. The State had the burden of proving to the trial court by a preponderance of the evidence that Shannon was unavailable due to her lack of memory of the specific date of the shooting. Nielsen, 853 P.2d at 261.

Here the State failed to raise the issue of Shannon's unavailability due to a lack of memory at the trial court level. It did not ask Shannon if she knew or was able to remember the specific date of the shooting. It only now attempts to argue that she would have testified as to a lack of memory. The admission of the officer's testimony as to the date of the shooting as a hearsay exception because of Shannon's unavailability is therefore being raised for the first time on appeal and is inappropriate for

6

consideration by this Court. Fandrich v. Capital Ford Lincoln Mercury (1995), 272 Mont. 425, 431, 901 P.2d 112, 115-16.

We hold that the testimony of the officer as to the identity of the shooter and the specific date on which the shots were fired was inadmissible hearsay and the District Court erred in admitting this testimony.

ISSUE 2

If the District Court erred in admitting hearsay testimony, was it harmless error?

The admission of the hearsay testimony by the officer does not automatically entitle Stuit to have his conviction reversed. See Riley, 893 P.2d at 313. Section 46-20-701(1), MCA, provides that "[n]o cause shall be reversed by reason of any error committed by the trial court against the appellant [convicted person] unless the record shows that the error was prejudicial."

Stuit argues that the admission of the officer's hearsay testimony was prejudicial as it identified him as the shooter and specified the date of the incident. Stuit's defense was that someone else had committed the offense and that it occurred early in December when there were other individuals living in the house. He testified that he had himself discovered the bullet holes on December 10, 1992, the same date the individuals departed from the house. Stuit asserts that the admission of the officer's testimony further prejudiced him because credibility was a key issue at trial as Shannon was the only witness who testified from personal

7

knowledge of the incident. He argues that the officer's testimony was used to resolve questions of credibility in favor of Shannon.

We have previously held that in a criminal case "if prejudice is alleged, it will not be presumed but must be established from the record that a substantial right was denied." State v. Wells (1983), 202 Mont. 337, 349, 658 P.2d 381, 388. The test of prejudicial error is whether "beyond a reasonable doubt the error did not affect the outcome of the trial." State v. Alexander (1994), 265 Mont. 192, 198, 875 P.2d 345, 349 (citing Chapman v. California (1967), 386 U.S. 18, 26, 87 S. Ct. 824, 829, 17 L. Ed. 2d 705, 711, reh'g denied (1967), 386 U.S. 987, 87 S. Ct. 1283, 18 L. Ed. 2d 241).

Shannon testified the offense occurred in the month of December 1992. She further testified that she was sitting on the couch with her mother and Stuit when he shot the rifle five times into the wall. Thus, Shannon testified from personal observation as to the shooting, the identity of the shooter, and the approximate date. The admissible testimony from the officer that there were at least seven bullet holes in the wall and door jamb, and that from his experience the five bullet holes in the wall could have been made from someone sitting on the couch in the living room, corroborated her testimony. He also testified that he had recovered a .22 rifle from the bedroom Sharon and Stuit had shared. From Shannon's testimony as to her personal observations and the admissible corroborating testimony of the officer, the

8

and did the shooting in December. The officer's testimony as to the specific date was irrelevant and harmless as there was sufficient evidence, beyond reasonable doubt, upon which the jury could properly convict absent this testimony.

Cumulative evidence is additional evidence of the same character to the same point.  Section 26-1-102(4), MCA.  The officer's testimony as to the identity of the shooter after Shannon's testimony was merely cumulative and thus harmless.  See State v. Graves (1995), 272 Mont. 451, 901 P.2d 549; State v. Kao (1990), 245 Mont. 263, 800 P.2d 714; State v. Woods (1986), 221 Mont. 17, 716 P.2d 624.

We hold therefore that the admission of the officer's hearsay testimony that Stuit had committed the offense and that it occurred on a specific date did not result in prejudice to Stuit and was therefore harmless error.

Affirmed.

_____
                Justice

9