BERT R. SHUEY, Plaintiff and Respondent, v. CHESTER
W. HAMILTON and ELIZABETH HAMILTON, Husband
and Wife, Defendants and Appellants.

No. 10532

Submitted April 16, 1963. Decided May 16, 1963.

381 P.2d 482.

84

James W. Cunningham (argued), Thompson Falls, for appellants.

Jack L. Green (argued), Raymond J. Fox (argued), Missoula, for respondent.

HONORABLE PHILIP C. DUNCAN, District Judge, sitting in place of MR. JUSTICE DOYLE delivered the Opinion of the Court.

This action was brought by plaintiff to quiet title and recover possession of certain real property in Sanders County sold by plaintiff to defendants under a contract for installment payments.

The complaint filed January 8, 1962, among other things, alleges the making of the contract on October 26, 1955, attaching a copy as a part thereof; that on November 15, 1961, the defendants were in default for failure to pay three annual installments on the principal of $1,000 each and accrued interest of $2,645.54 (a total of $5,645.54); that plaintiff had served defendants with notice to remedy the default within 30 days, attaching a copy of the notice to the complaint as part thereof; that defendants had failed to remedy the default within the 30 days and plaintiff had terminated the contract.

The defendants in their answer raised two principal defenses:

(1) That plaintiff's notice to terminate agreement was not effective for the reason that it greatly overstated defendants' default, and the contract was therefore still in full force and effect; and,

(2) That cancellation of the contract as proposed by plaintiff would work an unjust forfeiture on the defendants.

In their answer, defendants alleged they were ready and willing to pay plaintiff the amount which they were actually in default as soon as determined by the court, and on April 16, 1962, defendants deposited with the trial court $1,902.90 as the amount admitted to be owing on principal and interest.

At the opening of the trial, defendants moved for judgment on the pleadings on the ground that plaintiff had not stated a claim upon which relief could be granted, and at the conclusion of plaintiff's evidence defendants moved for dismissal under Rule 41(b), M.R.Civ.P. Both motions were taken under advisement when made, the trial proceeded, and the motions necessarily denied upon adoption by the trial court of plaintiff's proposed findings and conclusions and entry of judgment quieting title in plaintiff and granting him immediate possession.

There is but one specification of error and that is that the trial court erred in not granting defendants' motion to dismiss under Rule 41(b), M.R.Civ.P. on the ground that plaintiff had shown no right to relief, specifically for the reason that plaintiff's notice to terminate the agreement was fatally defective. The defense of unjust forfeiture under the provisions of Section 17-102, R.C.M.1947, is not pressed except insofar as it indicates the law does not generally favor forfeitures. Thus, the problems in this case resolve themselves into a question as to whether or not plaintiff's notice to terminate agreement effectively cancelled the contract so as to entitle

plaintiff to have title quieted in him, giving him the right to the property and all payments made.

The contract originally entered into on October 25, 1955, and amended in February, 1956, was drawn by plaintiff's attorney. The purchase price was $35,000, and, after a down payment of $10,800, the balance was to be paid in annual installments of $1,000 each, plus interest at 4 percent per annum beginning November 15, 1956. Payments were irregular and often piecemeal. Several notices of default were served on defendants prior to the one culminating in this action, but it appears these prior defaults were corrected, and in at least one case there was no default. During the period between the making of the contract and prior to the filing of the complaint, defendants paid a total of $16,644.90, including $2,844.90 interest. Unpaid at the time of the filing of the complaint were three annual installments of principal of $1,000 each and three annual installments of interest aggregating $2,645.54, of which $902.90 was interest due November 15, 1961. The only evidence in the record of rental value is that of defendants' witnesses to the effect that the annual rental value of the property is from $1,000 to $1,200 a year. If this figure is accepted the total rental value of the property during the seven year period defendants were in possession would be about $8,400.

Returning now to the principal question in this case as to whether or not plaintiff's notice of termination and forfeiture effectively cancelled the contract and worked the forfeiture, the contract has this to say on the subject:

"If the Buyers shall fail to pay said taxes or other lawful assessments against said property as provided herein, during the period of this contract, or shall fail to make said mortgage payment, or payments of principal and interest when due, or within thirty days after receipt of written notice of said default, with the exception hereinafter noted, or shall breach any other provision of this contract, then said Bank shall, at the request of the Seller, deliver said deed, bill of sale and

abstract (if said abstract shall by then have been placed in this escrow) to the Seller; and in that case, all payments that have been made to the Seller up to that time, shall be retained by the Seller as liquidated damages and as rent for said premises during the period they have been in the possession of the Buyers, and not as a penalty; and in such event, the Buyers will at once vacate and surrender such premises to the Seller, and the Buyers will have no further interest in, of or to said real property, or any part thereof. It is stipulated and agreed that thirty days notice is a reasonable and adequate notice of default. It is expressly understood and agreed, however, that the Buyers may fail to make, up to but not exceeding, two (2) annual payments of principle and interest during the term of this contract, without such failure operating as a default or breach of this agreement. A waiver by the Seller of one or more defaults by the Buyers shall not be deemed to constitute a waiver of any subsequent defaults.''

It is clear that under these terms of the contract defendants have the right to pay delinquent installments of principal and interest within thirty days after receipt of written notice of ''said default'' before plaintiff may terminate the contract and declare all payments forfeit. It is also clear that under the terms of the contract, drawn by plaintiff's attorney, defendants may fail to make two annual payments of principal and interest during the term of the contract without such failure operating as a default or breach upon which plaintiff may declare a termination and forfeiture.

Thus, while defendants had failed to pay three annual installments of principal and interest as they fell due at the time the notice of termination and forfeiture was given, nevertheless, under the contractual provisions, the contract was not subject to termination and forfeiture by plaintiff except for failure to pay the last installment of principal of $1,000 and interest of $902.90 due November 1, 1961.

With this in mind, the body of the notice declaring termination and forfeiture, so far as pertinent, reads as follows:

"PLEASE TAKE NOTICE that because of the failure of Chester W. Hamilton and Elizabeth Hamilton, husband and wife of Sanders County, Montana, to perform on their part the terms and conditions of that certain Agreement entered into the 26th day of October, 1955, between the undersigned Bert R. Shuey, as party of the first part, and Chester W. Hamilton and Elizabeth Hamilton, as parties of the second part, covering the purchase of the following described real property, to-wit: * * * and for the further reason that said parties of the second part have failed to perform under the terms and conditions of the Escrow instructions contained in said Agreement by failing to make the annual payment of One Thousand Dollars ($1,000.00) on the principal plus accrued interest due on the due date, November 15, 1961, which said payment has not been paid to the Escrow Holder, the First State Bank of Thompson Falls, Montana, nor to the undersigned party of the first part and for the further reason that the said parties of the second part have failed to pay the accrued interest due to date in the amount of $2,645.54 and for the further reason that the parties of the second part have failed to make payment of the first two annual payments of principal due under the terms of said agreement, amounting to the sum of $2,000.00 and therefore said parties of the second part are in default of the said Agreement and by reason of the aforesaid default, the undersigned party of the first part does hereby declare and elect that the Agreement be forfeited by the parties of the second part, and pursuant to the terms thereof, this Notice in writing is hereby made:

"That unless payment in the amount of One Thousand Dollars ($1000.00) plus accrued interest to date in the amount of $2,645.54 is made within thirty (30) days of the service of this Notice by delivering said money in lawful money of the United States in the amount of $3,645.54 to the attorney for

the undersigned party of the first part, Raymond J. Fox, 612 Savings Center Building, Missoula, Montana, or to the escrow holder then said Agreement is declared terminated and cancelled by the undersigned party of the first part and all obligations of the party of the first part hereunder are terminated and cancelled and the said party of the first part shall be fully reinvested with all right, title and interest in the above-described real property, including all buildings, fences and improvements and the parties of the second part will forthwith forfeit all payments made on said Agreement and the same shall be retained by the undersigned party of the first part plus any and all improvements in full satisfaction and in liquidation of all damages sustained by the party of the first part, and the said party of the first part shall re-enter and take possession of the said premises and the parties of the second part shall have no further interest in, of or to said real property, or any part thereof.''

First, it may be said the notice is ambiguous. The first paragraph states the plaintiff has declared the contract forfeited for the reasons: (1) defendants have failed to perform on their part the terms and conditions of the contract without specification; (2) defendants have failed to pay the annual payment of $1,000 principal and accrued interest due November 15, 1961; (3) defendants have failed to pay the accrued interest to date of $2,645.54; (4) defendants have failed to pay the first two annual payments of principal due of $2,000. The second paragraph states that unless payment in the amount of $1,000 plus accrued interest of $2,645.54 is made within thirty days then the contract is terminated and the defendants forfeit all payments made, along with the rest of the property.

As remarked by defendants, it is difficult to say what defaults are claimed by plaintiff in his notice, or even the status of the contract contended for by the plaintiff. If the most charitable view is taken, that is that plaintiff is claiming a default of only $3,645.54, and payment thereof will prevent

a forfeiture, and we consider the actual default of only $1,-902.90 that may be claimed under the terms of the contract as grounds for termination and forfeiture, there is an overstatement of $1,751.64 or a demand for a sum of money almost double in amount to that which may be demanded rightfully of defendants under threat of cancellation and forfeiture. That this charitable view may very well have no foundation in fact is evident when it is recalled that the complaint alleges defaults of $5,645.54 and failure of defendants to remedy them within thirty days, and so seemingly interpreting the notice for us.

This case is very similar to Rader v. Taylor, 134 Mont. 419, 333 P.2d 480, wherein the notice of termination and forfeiture, after setting out in detail the various defaults of the purchasers in payments of installments on the purchase price, states the vendors elect that the whole of the purchase price and interest thereon is due and unless paid within the time fixed (90 days), the contract is terminated and all payments made by the purchasers are forfeit to the vendors. The court found that the contract did not contain an acceleration clause, and although the purchasers were in default on a number of the annual installments in the past, held that the notice of cancellation, demanding considerably more than was due on the purchase price, was ineffective and the complaint did not state a cause of action.

In arriving at this conclusion in the Rader case, the court pointed out that a vendor must strictly pursue the course prescribed by the contract in foreclosing the vendee's rights thereunder, particularly when it involves a forfeiture of the payments made by the vendee; that in the absence of an agreement or statutory provision to that effect the maturity of the debt cannot be accelerated; that as in applying for a tax deed the notice must correctly state the amount due, although slight errors will not invalidate the notice; that the contract must be taken as written and cannot be re-written by the court;

that forfeitures are not favored in law or in equity and certainly not to the extent that the court should accomplish it by rewriting the contract and particularly in a case where the buyer has offered to make full payment of all sums due. Rader v. Taylor, 134 Mont. 419, 333 P.2d 480, supra.

From the factual situation of this case generally, the same points or arguments that were made in arriving at the decision in the Rader case apply here.

It is true that here we do not have an acceleration clause in itself to deal with, yet there is no question but that in his notice of termination and forfeiture plaintiff attempted to accelerate payment of a substantial amount of money over and above that which could rightfully be demanded upon pain of forfeiture, at least almost twice as much. And, here it may be said that on the record the total forfeiture involved amounts to nearly twice the rental value, $16,644.90 paid against $8,400 rental.

It is also true that in the Rader case the buyers made tender on the day of the trial of full payment of all sums due or to become due under the contract there involved. This bolstered the equities and showing of good faith of the purchasers in the Rader case, but not to the extent that it was the ultimate ground and rule of decision in that case. The ultimate ground and rule of decision pronounced in that case is that there must be strict pursuance of the course prescribed by the contract in foreclosing the vendee's rights thereunder, particularly when it involves a forfeiture of the payments made by the vendee, including a reasonably correct statement in the notice of the amount due and required to be paid to avoid forfeiture.

Applying this rule to the instant case, the plaintiff's notice did not terminate the defendants' rights under the contract, and the defendants having tendered to plaintiff and deposited in court the correct amount due before valid notice of default was given, the contract remains alive. The

district court was in error in not granting defendants' motion to dismiss at the close of all the evidence and not entering judgment under Rule 41(b), M.R.Civ.P., the deposit to be paid to plaintiff as provided by the contract and possession of the property to defendants. Reversed and remanded for proceedings consistent herewith.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, JOHN C. HARRISON and ADAIR concur.