No. 84-41

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

GEORGE GREEN,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable Roy Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

George Green, pro se, Roundup, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
John L. Pratt, County Attorney, Roundup, Montana

Submitted On Briefs: July 19, 1984

Decided: August 15, 1984

Filed: AUG 15 1984

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

George Green appeals from his conviction of misdemeanor assault in the District Court, Fourteenth Judicial District, Musselshell County. Green had earlier been charged in the Justice Court in Roundup Township, of misdemeanor assault under section 45-5-201(1)(c), MCA, of purposely and knowingly making physical contact in an insulting and provoking manner against twelve-year-old Michael Fawcett, grabbing him by the arms, setting him down, and attempting to hypnotize him. He was convicted in Justice Court, and sentenced to ten days in jail and fined $500. He appealed to the District Court, where, after trial by the court, a jury having been waived, defendant was again found guilty of misdemeanor assault and sentenced by the District Court to five days in jail and a fine of $500. It is from the latter judgment that Green appeals.

Mike Fawcett testified that on June 17, 1983, he went to the city park in Roundup for baseball practice. When he first arrived, he saw sitting in the bleachers, an associate of the defendant, Mary Okey Green, conducting a session with Fawcett's young teammate, Jason Djernes. Afterward Jason told Mike that the session was "weird," that he went to Switzerland, Norway, and other exotic places like Hawaii. Mike testified that when baseball practice was finished, he walked toward his home and in so doing, passed close to George Green. Mike testified that Green grabbed him by the arms, and sat him down, and at this time, he was terrified. Green said, "Look at me, I can help you with your pitching." Then Green started counting, "One, deeper, deeper, deeper, deeper, two, float deeper, deeper, deeper, deeper," et cetera

through the numbers. Mike testified that while it was going on he felt scared.

In the meantime, Susan Hewett, whose nephew had attended the baseball practice, learned from another young boy that someone was in the park hypnotizing people. She went to the city park, and in looking around, heard the voice of Green doing his routine on the other side of the trees. She attempted to go there but was intercepted by Mary Okey Green, who kept asking her whether she wished to engage in meditation. On the stand, Mary Okey Green admitted that she purposely intercepted Susan Hewett to keep her away from George Green while he was conducting his session with Mike. At any rate, Susan Hewett refused to be intercepted, made her way to Green and shouted what was he doing. He told her to be quiet. At this point Mike got up and ran from the scene. He testified that he was scared as he ran away. Mike also testified that Green grabbed for him as he started to run away and tried to keep him there.

In defense, Green and Mary Okey Green denied that at any point Green had touched Mike or grabbed for him in conducting the session. Green's defense was that he teaches meditation and that meditation is a method of having the subconscious mind overcome the conscious mind, the latter of which Green characterizes as the "devil." He maintains that he had reached level 17 in counting with Mike, which Green states is the level of peace, and at trial, the record indicates he was disturbed, if not angry, at Susan Hewett for interrupting the proceedings.

Green conducted his appeal without benefit of counsel. For that reason, we have examined the transcript of the record carefully, and the brief filed by Green. He raises

two issues on appeal, whether there was sufficient evidence to justify his conviction of misdemeanor assault, and whether the District Court could properly order him to cease teaching meditation in public parks in the light of the First Amendment.

Our powers of appellate review are the same whether or not a defendant appealing from a criminal conviction is represented by counsel on the appeal. It may generally be stated that the Supreme Court does not try facts on appeal, but determines whether a miscarriage of justice has been shown. State v. Stoddard (1966), 147 Mont. 402, 412 P.2d 827. Disputed questions of fact and credibility will not be disturbed on appeal. State v. Crockett (1966), 148 Mont. 402, 421 P.2d 722. The credibility of witnesses and the weight to be assigned to their testimony is for the determination of District Court in a nonjury trial. See Matter of Jones (1978), 176 Mont. 412, 578 P.2d 1150. Disputed questions of fact will not be considered on appeal, State v. Messerly (1952), 126 Mont. 62, 244 P.2d 1054, and all conflicts are resolved on appeal in favor of the judgment. State v. Cor (1964), 144 Mont. 323, 396 P.2d 86. If there is substantial evidence pointing to the judgment, that is, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, viewed in a light most favorable to the State, a conviction must be sustained. State v. Wilson (Mont. 1981), 631 P.2d 1273, 38 St.Rep. 1040.

Under those appellate decisions, we find the testimony of Mike Fawcett is the kind of substantial evidence upon which this verdict must be sustained.

The second issue raised by Green is that the court limited his First Amendment right of free expression in

- 4 -

ordering him not to engage young people in meditation sessions without the consent or presence of their parents or guardians. In admonishing the defendant after passing judgment of guilt, the District Court told the defendant:

> "Your intentions originally may have been good, and maybe they have been good all along. But you have placed yourself in such a position, dealing with these young children without their guardian or parent around, you are taking the child's upbringing in your own hands without any permission or any say so by the parent or their guardian. And I don't know what they do in Denver or down that way, but around here that's a no no. Do you understand that?"

> "MR. GREEN: I understand."

There is no need for us to pass on the propriety of the admonition although it seems to have been common sense advice to the defendant. The appeal here is from the judgment of conviction. The sentence which was levied against the defendant was that he serve five days in the county jail, and pay a fine of $500. He is not prevented under the sentence from any expression allowed him under the First Amendment.

Affirmed.

_____
John C. Sheehy
Justice

We Concur:

_____
John Conway Harrison

_____

_____
L. C. Gulbrandson

_____
Daniel J. Shea
Justices

- 5 -