No. 84-388

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

MELVIN BERKLUND,

        Defendant and Appellant.

_____

APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Stillwater,
              The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Moses Law Firm; Michael G. Moses, Billings, Montana

      For Respondent:

          Hon. Mike Greely, Attorney General, Helena, Montana
          C. Ed Laws, County Attorney, Columbus, Montana

_____

Submitted on Briefs:  May 9, 1985

Decided:  August 5, 1985

Filed:  AUG 5 - 1985

*Ethel M. Harrison*

_____
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

The appellant, Melvin Berklund, was charged with the offense of arson, § 45-6-103, MCA. Jury trial in District Court resulted in a verdict of guilty. This appeal followed.

We affirm.

In 1964 the appellant and his family built a cabin in Beehive, Montana, on the Stillwater River near Absarokee, Montana. In 1977, as part of a marriage dissolution property settlement, the cabin became solely owned by the appellant. In 1982 the appellant deeded the cabin to one of his sons.

When the son was deeded the property in late 1982, there were taxes owed on it and it was in need of repair. The son borrowed money from his mother to pay the taxes. His two brothers and his sister and their spouses helped pay for repairing the cabin. In early 1983 the son conveyed the property to himself, his spouse, his siblings and their spouses.

Evidence shows that the appellant became upset and angry about this transaction. He made threats of burning the cabin. In Billings, Montana, in the early afternoon of March 28, 1983, the appellant threatened his son about "torching" the cabin. Soon after that the appellant called another son and threatened to burn the cabin. That afternoon a fire that had been intentionally set damaged the cabin.

The appellant submitted evidence in the form of witness testimony that he was in Billings at 3:00 the afternoon of the fire. He was seen in, and admits that he was in, Absarokee at about 4:30 the afternoon of the fire. Tires on the vehicle operated by the appellant on the day of the fire matched the tire tracks at the scene of the fire.

Four issues are presented for review:

1. Whether there was sufficient evidence supporting the jury verdict.

2. Whether the State proved the necessary elements of the crime of arson.

3. Whether the District Court erred in refusing to grant the appellant's motion to dismiss.

4. Whether the District Court erred in instructing the jury on "property of another."

The first issue is whether there was sufficient evidence to support the jury verdict. The test applied by this Court where sufficiency of the evidence is an issue on appeal in a criminal case, whether the trial was by jury or not, is the substantial evidence test. This test is met if a reasonable mind would accept the evidence as supporting the conclusion reached. In applying this test the evidence is viewed in a light most favorable to the prevailing party. The weight of the evidence and the credibility of the witnesses is exclusively the province of the trier of fact. If the evidence conflicts, it is within the province of the trier of fact to determine which shall prevail. See, State v. Green (Mont. 1984), 685 P.2d 370, 371-372, 41 St.Rep. 1562, 1564; State v. Johnson (1982), 197 Mont. 122, 127, 641 P.2d 462, 465; State v. Martinez (1980), 188 Mont. 271, 281-282, 613 P.2d 974, 980. If the standard of legal sufficiency--that is, the substantial evidence test--is not met, this Court will set the verdict or judgment aside. State v. Merseal (1975), 167 Mont. 410, 415, 538 P.2d 1366, 1368. In addition, the judgment will be disturbed when the evidence is so inherently incredible that no reasonable mind ought to accept it as true. State v. Radi (1978), 176 Mont. 451, 461, 578

3

P.2d 1169, 1176; State v. Crockett (1966), 148 Mont. 402, 407, 421 P.2d 722, 724-725.

We hold that there is sufficient evidence to support the jury verdict. The appellant was angered by the conveyance. In heated discussions he threatened to burn the cabin. A threat of "torching" the cabin was made in Billings on the afternoon of the fire. Another threat of "burning the damn thing down" was made by phone that same afternoon. The son to whom this last threat was made determined that the appellant was serious enough about it to warrant a call from Billings to the Absarokee sheriff. The sheriff notified a deputy of the situation and gave information about the appellant and his vehicle. At about 4:30 that afternoon, a fire was noticed by a resident of the cabin area. At about this same time the deputy had left Absarokee traveling towards the cabin and soon noticed a vehicle and driver matching the proper description coming from the direction of the cabin. The deputy turned around and followed, reaching a speed of 85 miles per hour, but lost sight of the vehicle as the deputy approached Absarokee. The deputy proceeded through town following clouds of dust at corners and soon was behind the appellant's vehicle traveling toward Columbus, Montana. The appellant was stopped and taken to Absarokee. He received warning that he was a suspect. An arson investigation later determined that the fire had been intentionally set at about 3:30 to 3:45 that afternoon. Tire tracks at the scene matched the tires on the vehicle that the appellant was driving.

The second issue is whether the State proved the necessary elements of the crime of arson. The particular element at issue here is the element "property of another."

4

As far as is relevant to this case, a person commits the offense of arson when, by means of fire, he knowingly damages an occupied structure which is property of another without consent. Section 45-6-103, MCA. The appellant argues that the cabin damaged by the fire was not "property of another." We disagree. The property was "property of another" within the meaning of the arson statute.

"Property of another," in Montana criminal law, is that property in which a person other than the offender has an interest which the offender has no authority to defeat or impair even though the offender may have an interest in the property. Section 45-2-101(55), MCA. The basis upon which the State proved this element was evidence in the form of a deed.

The deed was made in December of 1982. It represented a transfer from the appellant to one of his sons. The deed was titled "Quitclaim Deed." It contained a provision with two "conditions":

> "In the event of the death of party of second part [son], above described property shall revert to party of first part [appellant, father]. Property cannot be sold by second party during lifetime of first party."

The only matter concerning the deed that is important to this case is whether the son had an interest that the appellant had no authority to defeat or impair so that the property could properly have been "property of another" within the criminal law meaning. Therefore, it is unnecessary for this Court to fully and finally decide the legal nature of the interests created by the deed beyond that necessary to resolve the issue on appeal.

The interest created by the deed and held by the son at the time the deed became effective is not an issue. It unquestionably was an interest that the appellant had no authority to defeat or impair. The central question is the effect that the son's subsequent conveyance had on the interests that the son and appellant had. To determine this we look to the "conditions" contained in the deed.

The first condition is, "[i]n the event of the death of party of second part [son], above described property shall revert to party of first part [appellant, father]." The appellant openly argues that it was his intent that if he predeceased the son, the son would get the entire interest. The effect that this condition has on the interests created by the deed is not important to the issue on appeal as both parties to the deed are alive and the condition is not in effect.

The second condition contained in the deed is, "[p]roperty cannot be sold by second party [son] during lifetime of first party [appellant, father]." The appellant argues that when the son conveyed the property to himself, his siblings, and the spouses of each he violated this condition and the property was no longer "property of another." We disagree.

The condition is ambiguous. On its face it restricts alienation. It contains no defeasible estate language such as, "so long as," "during," or "until" that would clearly categorize it as establishing a determinable estate and it contains no defeasible estate language such as, "but if," "provided that," or "upon condition that," which would clearly categorize it as establishing an estate subject to condition subsequent. See, 26 C.J.S. Deeds § 110 (1956).

We limit our analysis to the issue on appeal. We make no determination as to whether the condition is one restraining alienation, repugnant to the interest created, and void under § 70-1-405, MCA, and we do not determine whether the "condition" is merely a covenant between grantor and grantee. Either would support a determination that the property was "property of another."

The remaining possibility is that the condition creates a defeasible estate. Because the condition is ambiguous as to whether it establishes an estate determinable or an estate subject to condition subsequent, rules of construction must be applied. A grant shall be interpreted in favor of the grantee. Section 70-1-516, MCA. The law does not favor a forfeiture in law or equity. Shuey v. Hamilton (1963), 142 Mont. 83, 90-91, 381 P.2d 482, 486. An estate determinable requires forfeiture automatically; therefore, rules of construction require that, of the two possible defeasible estates, the estate would be determined to be an estate subject to a condition subsequent. This estate requires an election on the part of the grantor to re-enter. Re-entry requires notice. Section 70-16-401, MCA. No notice was given here and no proper election was made.

We hold that of the several possible constructions of the condition in the deed, the most favorable construction possible as to the appellant would not give the appellant authority to defeat or impair the son's interest. The property was properly "property of another" within the arson statute meaning.

The third issue presented for review is whether the District Court erred in denying the appellant's motion to dismiss. The grounds upon which the motion was based are

7

identical to the first two issues presented on appeal. Because of our disposition of those issues, it is clear that the District Court did not err in denying the motion.

The fourth issue presented is whether the District Court properly instructed the jury on "property of another." Because of our disposition of the question of "property of another" in the second issue discussed on this appeal, there is little to be decided on this issue. This was a question of law for the District Court, and it was not a question of fact for the jury. The District Court did not err.

We affirm.

J. A. Turnage
Chief Justice

We concur:

Justices

8