No. 87-492

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

STATE OF MONTANA,

             Plaintiff and Respondent,

    -vs-

MARK FRENCH,

             Defendant and Appellant.


_____


APPEAL FROM:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone,
              The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gary E. Wilcox, Billings, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Betsy Brandborg, Asst. Atty. General, Helena
        Harold Hanser, County Attorney, Billings, Montana
        David W. Hoefer, Deputy County Attorney, Billings


_____


                          Submitted on Briefs:   June 22, 1988

                             Decided:     August 23, 1988

Filed:    ‾AUG 2 3 1988‾

                        _Ethel M. Harrison_
                    _____
                              Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Mark French, the defendant, was convicted of three counts of sexual intercourse without consent by jury trial in the District Court of the Thirteenth Judicial District, Yellowstone County. Defendant appealed. We affirm.

The issues raised on appeal are:

1. Did the District Court err in denying defendant's motion for a mistrial?

2. Did sufficient evidence of penetration exist to sustain defendant's conviction of sexual intercourse without consent?

3. Did the District Court err in denying defendant's motion for a continuance of the trial?

On July 7, 1987, Mark French, the defendant, was convicted under § 45-5-503, MCA, of three counts of sexual intercourse without consent arising out of encounters that occurred over a five year period with his minor stepdaughter. French was sentenced to forty years for each count with the sentences to be served concurrently.

French began living with the victim's mother in December 1980 when the victim was two years old. French married the victim's mother in August 1981 and adopted the victim in December 1981. French lived in the same household with the victim until November 1985 when French and the victim's mother separated.

The victim attended first grade in Billings during the 1985-86 school year. The victim's first grade teacher noticed unusual behavior from the victim and eventually referred the victim to a school counselor. Through meetings with the school counselor, the victim disclosed the

encounters that occurred with French. At trial, the victim testified that while French was living with the family, but while her mother was not at home, French would touch her vagina and bottom with his hands and his penis. She further testified that he would place his penis in her mouth and ejaculate.

Supporting the victim's testimony at trial were the testimonies of the school counselor, who holds a Master's degree in counseling and a Bachelor's degree in education; a medical doctor who conducted a physical examination of the victim; the victim's mother; the victim's grandmother; and the victim's teacher. The school counselor, who met with the victim once or twice a week beginning in January 1986, testified that the victim appeared traumatized or abused. The counselor based this opinion on the victim's reaction when inquiring about French's behavior and anything he might have done to her and what the victim was eventually able to tell her about the manner in which French sexually abused her. When inquiring about French, the victim's reaction included assuming a fetal position, rocking, crying, and refusing to allow anyone to touch her. The medical doctor testified that the results of the victim's physical exam was consistent with recurrent anal penetration and that while the vaginal opening was normal size for a girl of that age, the results did not preclude penetration of the perineal area or the vagina.

The victim's grandmother testified that she witnessed French behave peculiarly one afternoon when he came to pick the victim up after the grandmother had been babysitting. Specifically, the grandmother testified that French had been drinking and went to wake the victim from her nap. The grandmother went to check on them and saw French lying across the bed with the victim on top of him giving her a long kiss with his eyes closed while rolling back and forth. French

stopped when he noticed the grandmother and then took the victim to the living room area, and apparently believing he was unobserved, kissed her some more, pulled her panties down, patted her bottom, and told her she had a "cute little butt."

The victim's mother testified to occasions when French and she were in bed and French would call her by the victim's name. She further testified that the victim would complain about soreness in her genitalia and rectal areas but did not want her mother to tell French about her complaints. The victim's teacher testified that the victim displayed unusual behavior for a six year old, in that she was very shy, jumpy, skittish and masturbated frequently. The teacher further testified that during one teaching session when the teacher was focusing on "warm fuzzies," things that people do to make you feel good inside, and "cold pricklies," things that people do to make you feel bad or to hurt you, that the victim, who was usually shy and reserved in the classroom, blurted out that her dad gave her cold pricklies every time her mom left the house.

French denied having any type of sexual intercourse with his minor stepdaughter. The jury, after hearing all the testimony, found French guilty of all three counts of sexual intercourse without consent with the victim. French appeals the conviction, raising three issues.

The first issue French raises is whether the District Court erred in denying French's motion for a mistrial.

The District Court, after considering the circumstances, is in the best position to determine whether the responses by the school counselor were bases for a mistrial. When a court exercises its power to nullify a jury's verdict by granting a motion for a mistrial, this "power ought to be used with the greatest caution, under urgent circumstances, and for very

- 4 -

plan and obvious causes; . . ." State v. Close (Mont. 1981), 623 P.2d 940, 945-46, 38 St.Rep. 177, 183 (quoting United States v. Perez (1824), 22 U.S. (9 Wheat) 579, 580). This Court's function on appeal is to determine whether the District Court abused its discretion by not granting a mistrial. Close, 623 P.2d at 946, 38 St.Rep. at 183.

French argues that the District Court should have granted his motion for a mistrial. French bases this argument on the school counselor's responses to questions by the prosecutor on whether the counselor believed the now eight year old victim was telling the truth. The three questions by the prosecutor that French points to are:

> Q. And so the fact that she would tell you things, and then later deny it, did not imply to you that she was lying? A. I have never been convinced that she has ever lied to me.
>
> Q. And so what we really need to get down to is: Do you feel that most of what she said was the truth? A. There is no question in my mind that what she told me was the truth.
>
> Q. Now, did you believe that she was responding accurately or not embellishing when she answered those questions?

French objected to the last of these three questions addressed to the school counselor.

To support his argument, French relies upon State v. Brodniak (1986), 718 P.2d 322, 43 St.Rep. 755 to argue that this Court does not allow an expert witness to testify on whether the expert believes that the witness is telling the truth. In Brodniak, we held that an expert's testimony explaining rape trauma syndrome is permissible, but that the expert could not testify as to whether she believed the witness was telling the truth. Brodniak, 718 P.2d at 327-29,

- 5 -

43 St.Rep. at 758-63. French therefore argues that this is a basis for granting his motion for a mistrial. We disagree.

French fails to acknowledge our more recent decision, State v. Geyman (1986), 729 P.2d 475, 43 St.Rep. 2125. In Geyman we addressed for the first time the admissibility of expert testimony when a child is subject to sexual assault. After assessing the relevant literature and other jurisdictions' treatment of the subject, we held that "expert testimony is admissible for the purpose of helping the jury to assess the credibility of a child sexual assault victim." Geyman, 729 P.2d at 479, 43 St.Rep. at 2131. A child's reaction to being subject to sexual assault of any form may include responses most adults, unfamiliar with the subject, find peculiar. A child may, for example, fail to disclose the defendant's criminal sexual acts immediately and may also oscillate between admitting the abuse and denying it. An expert witness's testimony merely aids the jurors in assessing a child's credibility under such abusive circumstances, but in no way impinges upon the jury's obligation to decide ultimately the victim's credibility. Geyman, 729 P.2d at 479-80, 43 St.Rep. at 2131.

In light of the recent case law, we hold that the District Court did not abuse its discretion by denying French's motion for a mistrial based on the school counselor's opinion as to whether the eight year old victim was telling the truth.

The second issue French raises on appeal is whether sufficient evidence of penetration exist to sustain intercourse without consent.

In arguing that insufficient evidence exist to support the jury's verdict, French notes that under Count I he was charged with having vaginal intercourse with the victim, yet the physician did not testify conclusively that the victim

was subject to recurrent internal and complete vaginal penetration. French then argues, based upon the foregoing, that "no evidence whatsoever" supported the jury's verdict as to Count I and therefore that the evidence supporting Counts II and III should also be found insufficient. We again disagree.

French fails to acknowledge the current statute defining sexual intercourse and other evidence in the record. Sexual intercourse, as used in § 45-5-503, MCA, includes penetration, however slight, of the vulva. Section 45-2-101(61), MCA. Complete internal vaginal intercourse is not necessary. The record reveals that the victim frequently complained of soreness in her perineal area, the physician testified that the area was red and would not preclude complete internal vaginal intercourse nor perineal rubbing, and further, the victim testified that French tried to put his penis in her vagina.

When determining whether sufficient evidence supports the jury's verdict on appeal, this Court will view the evidence in the light most favorable to the prosecution, and will uphold the verdict if a reasonable mind could have found the essential elements of the crime beyond a reasonable doubt. State v. Oman (1985), 707 P.2d 1117, 1120, 42 St.Rep. 1565, 1568-69; State v. A.D.M. (1985), 701 P.2d 999, 1000, 42 St.Rep. 916, 918. In light of the statutes and the evidence, we hold that sufficient evidence exists to allow the jury to conclude that French performed vaginal intercourse on the victim.

French's half-hearted argument that Counts II and III, which are based upon his performing anal and oral intercourse on the victim, should also be found insufficient because "no evidence whatsoever" supported his conviction for vaginal intercourse is without substance. Besides finding sufficient

evidence to support his conviction for vaginal intercourse, the record also contains sufficient evidence to support both Counts II and III. Such evidence includes the victim's own testimony that French performed anal and oral intercourse on her, the physician's testimony that the results of the victim's physical examination were consistent with recurrent anal penetration, and the school counselor's as well as the mother's and grandmother's testimonies.

A conviction of sexual intercourse without consent is sustainable based entirely on the uncorroborated testimony of the victim. State v. Lamping (1988), 752 P.2d 742, 746, 45 St.Rep. 616, 620; State v. Maxwell (1982), 198 Mont. 498, 503, 647 P.2d 348, 351. While the victim's testimony alone is sufficient in this case, it is nonetheless supported by other evidence. We therefore hold that sufficient evidence exists to allow the jury to conclude that French performed anal and oral intercourse on the victim.

The last issue French raises on appeal is whether the District Court erred in denying his motion for a continuance of the trial.

French's motion for a continuance is based upon French's desire to undergo a psychological evaluation. French argues that no one would have been prejudiced by granting the motion for a continuance, stating that the evidence indicated he had not seen his children since the fall of 1986 and no evidence existed that he had engaged in any similar activity since 1986. In support of the motion, French argues that he would suffer prejudice as a result of the denial of the motion because he did not have time to explore the possibility of utilizing the psychologist's testimony. Once again, we disagree.

The controlling statute to determine whether the District Court should have granted French's motion for a continuance is § 46-13-202(3), MCA. This statute states:

> All motions for a continuance are addressed to the discretion of the trial court and shall be considered in the light of the diligence shown on the part of the movant. This section shall be construed to the end that criminal cases are tried with due diligence consonant with the rights of the defendant and the state to a speedy trial.

On appeal, this Court will not reverse the District Court unless the court clearly abused its discretion. State v. Walker (1987), 733 P.2d 352, 355, 44 St.Rep. 363, 366.

This Court has consistently held that before a motion for a continuance is granted to allow the movant more time to obtain evidence, the movant must have shown the exercise of due diligence in procuring the desired evidence. Walker, 733 P.2d at 354, 44 St.Rep. at 365-66; State v. Lance (Mont. 1986), 721 P.2d 1258, 1269-70, 43 St.Rep. 1086, 1097-98; State v. Van Natta (1982), 200 Mont. 312, 321, 651 P.2d 57, 61. The legislature further requires that "[a] motion to postpone a trial on grounds of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to procure it." Section 25-4-501, MCA. French has done neither.

The record reveals that French's trial date had already been rescheduled twice. The April trial date was rescheduled after the District Court granted French's motion for a continuance because he had inadequate time to prepare for trial. The June trial date was vacated by the court on its own motion and rescheduled for July 6, 1987. French's

request, informally made a week before the trial, would have reset the trial date a third time.

French offers no evidence or argument that he exercised due diligence in pursuing a psychological evaluation. The trial date had already been rescheduled once at the request of French, which allowed him three more months to prepare for trial. No formal affidavit was submitted as required by § 25-4-501, MCA.

In granting a motion for a continuance, the statute, § 46-13-202(3), MCA, clearly allows the District Court to exercise its own discretion after considering the diligence put forth by the movant. In light of the minimal diligence exercised by French, we hold that the District Court did not abuse its discretion by denying French's second motion for a continuance so as to allow French to undergo a psychological evaluation.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

- 10 -