No. 89-412

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

       Plaintiff and Respondent,

  -vs-

DAVID E. RAMSTEAD,

       Defendant and Respondent.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Antonia P. Marra, Great Falls, Montana

      For Respondent:

          Hon. Marc Racicot, Attorney General, Helena, Montana
Elizabeth S. Baker, Asst. Atty. General, Helena,
Montana
Patrick L. Paul, County Attorney, Great Falls,
Montana

Submitted on Briefs:  March 22, 1990

Decided: May 25, 1990

Filed:

_____
Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

David Everrett Ramstead, defendant, was charged on November 2, 1988, with one count of felony theft and one count of misdemeanor theft pursuant to § 45-6-301(1)(a), MCA. The case proceeded to trial on March 20, 1989. On March 21, 1989, the jury returned a guilty verdict for each offense charged. Defendant was sentenced to a term of three and one-half years' imprisonment, with six months suspended on the condition that he pay restitution in the amount of $32.43 and that he undergo alcohol and drug counseling. Defendant appeals from his conviction and judgment. We affirm.

The following issues were raised on appeal.

1. Whether the District Court erred in denying defendant's motion to dismiss, in which the defendant asserted that the information charging him with two counts of theft was not supported by probable cause.

2. Whether the District Court properly admitted evidence of defendant's prior criminal conduct.

3. Whether defendant's two theft convictions are supported by sufficient evidence.

4. Whether defendant's felony conviction should be reversed on the ground that the State failed to prove that the sundial's value exceeded $300.

On October 11, 1988, upon returning home from a trip to Wyoming, Charles Hill noticed that his sundial was missing from the front yard of his home in Great Falls, Montana. Hill's

2

daughter, who had been checking on the house while her parents were gone, testified that the sundial was in place in the yard on the evening of October 10, 1988. Hill reported the theft on October 12, 1988.

The sundial was subsequently recovered by a Great Falls city police officer at Carl Weissman and Sons' recycling business in Great Falls. It was then discovered that defendant had sold the sundial to Weissman's at approximately 2:00 p.m. on October 11, 1988. The sundial was constructed of aluminum and had been cast at the former Anaconda foundry in Great Falls in 1972. The sundial, originally designed by Hill, was calibrated and built for the longitude and latitude of Great Falls and kept accurate time. Hill, who had evaluated aluminum items during his employment with the Anaconda Company, estimated the value of the sundial to be $2,000 at the time it was built. He further testified that the sundial presently was worth over $1,000. Jim Rowe, an expert witness on behalf of the State, further testified that he would charge approximately $1,500 to reproduce the sundial today.

On the same day that defendant brought in the sundial to Weissman's to sell--October 11, 1988--defendant also brought in a piece of stainless steel and sold it at the same time as the sundial. After defendant had left, Weissman's scrap yard manager discovered that the stainless steel item had belonged to Weissman's and had previously been sitting within the fenced yard. Defendant had neither purchased nor been given permission to take the scrap which he later sold back to Weissman's for approximately $8.00.

3

Defendant was subsequently convicted by a jury of Count One, a felony charge arising out of theft of the sundial from Charles Hill, and of Count Two, a misdemeanor charge arising out of theft of the stainless steel item from Weissman and Sons. Defendant appeals, raising four issues on appeal.

The first issue raised on appeal is whether the District Court erred in denying defendant's motion to dismiss, in which the defendant asserted that the information charging him with two counts of theft was not supported by probable cause.

Defendant filed a motion to dismiss on March 6, 1989, premised on the ground that the affidavit in support of the information failed to show probable cause that the defendant had committed the charged offenses of theft. Defense counsel asserted that the affidavit was deficient on both counts because it alleged only that defendant possessed the items, and that it did not demonstrate that defendant had taken either item from the owners.

Leave to file an information will be granted if it appears from the application that probable cause exists to indicate that an offense has been committed by the defendant. Section 46-11-201(1), MCA. In the affidavit, the State need only recite facts sufficient to indicate a probability that the named defendant committed an offense. Contrary to what defendant infers in his argument, the State does not need to demonstrate a prima facie case at this juncture. State v. Buckingham (Mont. 1989), 783 P.2d 1331, 1334, 46 St.Rep. 2102, 2105; State v. Bradford (1984), 210 Mont. 130, 139, 683 P.2d 924, 928-29.

4

In reviewing an affidavit for a determination of probable cause, a district court may use common sense and draw permissible inferences. State v. Riley (1982), 199 Mont. 413, 423, 649 P.2d 1273, 1278. On appeal, this Court's role is merely to determine whether a district court abused its discretion. Buckingham, 783 P.2d at 1334, 46 St.Rep. at 2105; Bradford, 210 Mont. at 139, 683 P.2d at 929.

The affidavit presented to the District Court in this case contained sufficient factual allegations to support a finding of probable cause as to each charge. With respect to Count One, the affidavit demonstrated that (1) a theft had occurred from the property of Charles Hill; (2) the property taken had a value exceeding $300; and (3) defendant had possession of the stolen property and sold it on the same day that the theft was discovered. With respect to Count Two, the affidavit described that (1) defendant possessed a stainless steel item and obtained money for its sale; (2) the item did not belong to defendant when he sold it; and (3) the item was owned by Carl Weissman and Sons and had been in Weissman's own scrap yard prior to its possession by defendant. In light of the above, the District Court did not err in denying defendant's motion to dismiss.

The second issue raised on appeal is whether the District Court properly admitted evidence of defendant's prior criminal conduct.

On December 23, 1988, the State filed notice that they intended to introduce evidence during trial of a prior crime, a

misdemeanor theft, in which defendant had pled guilty. Defendant filed a motion in limine on March 10, 1989 requesting that the prior misdemeanor theft not be allowed into evidence. After a hearing, the District Court denied defendant's motion and allowed the State to introduce evidence of defendant's prior crime of misdemeanor theft.

The evidence that the State introduced regarding the prior misdemeanor theft was that on February 13, 1988, defendant and Tony Lopez sold four aluminum gas tanks to Pacific Hide and Fur, a Great Falls recycling business. The tanks were identified later the same day as having been stolen from Vic Brewer's yard. A subsequent investigation revealed that the tanks had been within the fenced yard area of Brewer's property, and tennis shoe tracks were left in the mud showing that someone had climbed the fence to get to the tanks' location. As a result of the investigation, Tony Lopez and defendant were arrested, and both admitted that they had gone over the fence to get to the tanks. Defendant was charged with felony theft and, pursuant to an agreement with the Cascade County Attorney's office, entered a plea of guilty to a charge of misdemeanor theft. Defendant argues that the admission of the evidence outlined above was improper in light of State v. Just (1979), 184 Mont. 262, 602 P.2d 957.

Evidence that a defendant has committed other crimes is not admissible to prove character in order to show that a defendant acted in conformity therewith. Such evidence is admissible only if it is introduced "as proof of motive, opportunity, intent,

6

preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b), M.R.Evid.

The four substantive factors that the State must demonstrate in order to introduce evidence of other crimes are that the other crimes are (1) similar in nature; (2) not remote in time; (3) tend to establish a common scheme, plan or system; and (4) that the probative value of the other crimes is not substantially outweighed by their prejudice to defendant. State v. Randall (Mont. 1989), 772 P.2d 868, 869-70, 46 St.Rep. 794, 796; Just, 184 Mont. at 269, 602 P.2d at 961. After applying the four factors to the facts of this case, we hold that the District Court did not err in allowing the admission of the February 13, 1988 crime.

In satisfying the similarity of crimes factor, the prior crime does not need to be identical to the crime charged, so long as "sufficient similarity" exists in a defendant's actions on both occasions. Randall, 772 P.2d at 870, 46 St.Rep. at 797. In this case, defendant's prior crime was strikingly similar to the crimes with which he was charged in the present case. Each involved the theft of recyclable metal products from private property; each resulted in the sale of stolen items by defendant to a Great Falls recycling business for scrap value; each was committed while defendant was in the company of Tony Lopez; and on each occasion defendant claimed that he had "found" the stolen property, although he entered a guilty plea as a result of the first incident. The prior crime introduced by the State in this case involved a very specific instance of theft which was nearly identical to the theft

charged. In light of the facts in this case, the first factor, that the crimes must be similar in nature, is satisfied.

The second factor that a court must consider is whether the prior crime is remote in time. As a general rule, remoteness of the prior crime affects the credibility of the evidence and not its admissibility. State v. Eiler (Mont. 1988), 762 P.2d 210, 217, 45 St.Rep. 1710, 1718; State v. Doll (1985), 214 Mont. 390, 396, 692 P.2d 473, 476. In the present case, approximately eight months elapsed from the time defendant committed the misdemeanor theft in February and the two thefts that occurred in October of the same year. In light of other cases before this Court, eight months between the crimes is not too remote in time. See State v. Hall (Mont. 1988), 761 P.2d 1283, 1285, 45 St.Rep. 1726, 1729 (six months); State v. Stroud (1984), 210 Mont. 58, 71, 683 P.2d 459, 466 (three and one-half years); Eiler, 762 P.2d at 216-17, 45 St.Rep. at 1718 (five years).

The third factor that the State must demonstrate is that the prior crime has a "tendency" to establish a common scheme, plan or system. Eiler, 762 P.2d at 217, 45 St.Rep. at 1719. The prior crime introduced in the present case presented a strong showing of a common scheme, plan or system by defendant. In particular, both incidents were thefts; the items taken on both occasions were aluminum materials that were subsequently brought to a recycling business for their scrap value; and the participants in both incidents were identical. Defendant's prior theft of aluminum materials tended to show a common scheme by defendant to procure

8

items of recyclable value on his salvaging trips even if it required him to enter private property. The State successfully demonstrated the third factor.

The final factor the State must demonstrate before a court allows introduction of prior crimes into evidence is that the probative value of the evidence is not substantially outweighed by the prejudice flowing to the defendant. This Court has held that satisfaction of the first three Just factors, as outlined above, establishes the probative value of the prior crime evidence. State v. Keefe (Mont. 1988), 759 P.2d 128, 135, 45 St.Rep. 1034, 1042. This Court in Just then also established three procedural requirements which, if satisfied, indicates that the prejudicial effect the evidence may present for the defendant is less likely to occur. Eiler, 762 P.2d at 218, 45 St.Rep. at 1720. Those requirements are:

1. notice to the defendant prior to trial that evidence of other crimes, wrongs or acts will be introduced;

2. an admonition by the judge to the jury when the evidence is introduced that it is admitted solely for one or more of the accepted purposes stated in Rule 404(b); and

3. a cautionary jury instruction to the same effect, providing in unequivocal terms that the evidence is admitted for the purpose earlier stated and not to try and convict the defendant for prior wrongful conduct.

Randall, 772 P.2d at 871, 46 St.Rep. at 789 (quoting Doll, 214 Mont. at 395, 692 P.2d at 475-76).

In accordance with these requirements, the State filed notice on December 23, 1988, nearly three months prior to trial, that it

9

intended to offer evidence of the February 1988 theft and defendant's subsequent plea of guilty. The District Court gave a cautionary instruction to the jury at least three times during trial--immediately prior to the introduction of any evidence regarding the February 13, 1988 theft, and at two other times during the course of the trial. At the end of the trial and in conjunction with the other jury instructions, the court gave the same cautionary instruction one last time. The jury was instructed as follows:

> The State has offered evidence that the defendant at another time engaged in other crimes. That evidence was not admitted to prove the character of the defendant in order to show he acted in conformity therewith. The only purpose of admitting that evidence was to show knowledge, identity, or absence of mistake or accident. You may not use that evidence for any other purpose.
>
> The defendant is not being tried for that other crime. He may not be convicted for any other offense than that charged in this case. For the jury to convict the defendant of any other offense than that charged in this case may result in unjust double punishment of the defendant.

This instruction unequivocally apprised the jury that the evidence was to be considered only for the purposes permitted by Rule 404(b).

In addition, the February 13, 1988 crime tended to show, contrary to defendant's assertions, that he "actively and knowingly participated" in the crime with which he was charged. Defendant testified that he found the sundial and that he would not have gone onto private property to retrieve it. Thus, the critical element

10

in dispute was defendant's state of mind at the time he took the property. Evidence that he had entered private property on another occasion for the purpose of taking recyclable materials contradicted defendant's testimony and tended to show that he acted purposely and knowingly when he took the sundial and that it was not by accident or as the result of a mistaken belief that the sundial was abandoned.

Given the rigid adherence to the Just procedures and the satisfaction of the first three Just factors in this case, we hold that the probative value of the February 13, 1988 crime was not substantially outweighed by its prejudicial effect. The admission of the evidence was a proper exercise of the District Court's discretion.

The third issue raised on appeal is whether defendant's two theft convictions are supported by sufficient evidence.

Defendant argues that his conviction on both counts should be reversed because insufficient evidence existed to support a guilty verdict. Defendant argues that the circumstantial evidence was inconsistent with the mental state required to commit the charged offenses.

The direct evidence at trial showed that defendant obtained the sundial from Hill's property and that he sold it a short time later to Weissman's. The sundial had been positioned in its customary location the evening before defendant obtained it. The evidence further showed that defendant obtained a stainless steel item which had earlier been in the scrap yard at Weissman's, and

sold that item back to Weissman's at the time he sold the sundial. Both of the items were shown to have been taken from the owners without permission. In addition to this direct evidence, the circumstantial evidence, including defendant's prior acts, tended to show that defendant acted with the requisite mental state when he took the items. In particular, defendant testified that he had "found" the sundial and the stainless steel item, as well as the gas tanks that belonged to Vic Brewer. The evidence, however, demonstrated that the gas tanks were stolen. Defendant himself had previously admitted climbing Brewer's fence to get to the tanks. This evidence cast doubt on the credibility of defendant's story as to the location of the sundial and the stainless steel item. When combining both the direct and circumstantial evidence, the evidence was sufficient for a trier of fact to find all elements of the charged offenses beyond a reasonable doubt.

This Court has recognized that "possession of stolen property, accompanied by other incriminating circumstances, and false or unreasonable explanation by the suspect is sufficient to sustain a conviction . . . " State v. Cox (1987), 226 Mont. 111, 114, 733 P.2d 1307, 1309. Applying these standards to the present case, and in view of the evidence discussed above, we hold that sufficient evidence exists to support the conclusion that defendant had the purpose and knowledge to commit the two thefts with which he was charged.

The last issue raised on appeal is whether defendant's felony conviction should be reversed on the ground that the State failed

to prove that the sundial's value exceeded $300.

When conflicting evidence of value is presented, it is "solely within the province of the jury to weigh these figures and consider the weight to be given to the testimony of each of the experts." State v. Dess (1984), 207 Mont. 468, 473, 674 P.2d 501, 505. Accord State v. Milhoan (1986), 224 Mont. 505, 510, 730 P.2d 1170, 1173. Ample evidence was before the jury from which it could find that the value of the sundial exceeded $300. Hill, who had designed the plans for the sundial and had experience in valuing aluminum products, estimated the value of the sundial at $2,000 when made, and testified that the sundial presently was worth at least $1,000. His testimony was corroborated by Jim Rowe, an expert witness, who testified that the sundial was unique and that he would charge approximately $1,500 to produce it today, although it could be worth even more if sold on a retail basis. The bases for Rowe's conclusion were fully explained to the jury, including the process for creating a similar sundial and the hours required for production. This testimony was contradicted only by defense witness Bill Rogne, who testified that the sundial was worth only $250. Rogne's opinion was called into question during cross-examination, and it appeared that he refused to place a value on the sundial based upon what it would cost to replace it. In view of the evidence presented, it was within the jury's province to find that the value of the sundial exceeded $300.

This Court will not consider disputed questions of fact on appeal, nor will it weigh the credibility of the witnesses or their

13

testimony. State v. Crumley (1986), 223 Mont. 224, 226, 725 P.2d 214, 216. Further, even if the evidence presented by defendant was consistent with innocent conduct, this Court has held that such factual discrepancies are matters properly resolved by the jury. State v. Cain (1986), 221 Mont. 318, 321, 718 P.2d 654, 657.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

14

Justice John C. Sheehy, dissenting:

I dissent on two grounds, 1) that the evidence of other crimes in this case was improper, and 2) the value of the alleged stolen items does not exceed the misdemeanor value of $300.

Defendant Ramstead apparently makes his living in Great Falls by going up and down alleys and other places of refuse to salvage articles which he later sells for junk or for recycling. He testified in his defense that he had found a birdbath a couple of feet from a garbage can in an alley and had picked it up, along with a piece of steel which he was also charged with taking. There is no direct evidence in the record that he went upon the property of Hill, the owner of the birdbath in order to take it into Ramstead's unauthorized control.

Ramstead was charged with felony theft under § 45-6-301, MCA. By another statute, § 45-6-304, MCA, possession of stolen property is not in itself proof of the commission of the offense of theft. Such possession it places a burden on the possessor to remove the effect of that possession as a circumstance to be considered with all other evidence pointing to his guilt. Section 45-6-304, MCA.

The evidence the State presented in this case came from witnesses who testified that the last time they saw the birdbath it was in Hill's yard. No direct evidence places Ramstead in the yard to take the birdbath, nor does any witness contravene Ramstead's own testimony that he found the birdbath in the alley by the garbage can.

In that state of the record, the admission of evidence of another misdemeanor theft some eight months earlier was extremely prejudicial to Ramstead and its use outweighed any probative value of the other crimes evidence. It cannot be denied that the State used the other crimes evidence to have the jury infer that in this case Ramstead did in fact go into Hill's yard to appropriate the birdbath. While other crimes evidence may be admitted under Rule 404(b), Montana Rules of Evidence, for the purpose of showing a common scheme, plan or system, it is strictly inadmissible for the

15

purpose of showing consummation of the particular offense which has been charged and is the subject of the trial. State v. Randall (1989), ___ Mont. ___, 772 P.2d 868, 869; State v. Just (1979), 184 Mont. 262, 268, 602 P.2d 957, 960; and State v. Taylor (1973), 163 Mont. 106, 120, 515 P.2d 695, 704.

Counsel for the defendant, before the trial, moved in limine to reject the other crimes evidence, but the court denied the motion. During the argument on that motion, the State argued that it would show in the other crime, through a purported accomplice of the defendant and others, that Ramstead did go on to the other person's property in order to take metal objects and sell them. However in the testimony during the trial, the purported accomplice testified that they did not go over the fence or onto another person's property to retrieve objects. In effect no witnesses testified, either in the other crimes evidence or in the case at bar, that Ramstead had gone onto private property to steal something.

In this situation, the District Court should have excluded the other crimes evidence, because its prejudicial effect outweighed any probative effect.

> Evidence of other crimes, wrongs, or acts "may, however, be admissible where [it] is probative of any other fact that is of consequence to the determination of the [case], such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident." Haw. R.Evid. 404(b). But its acknowledged tendency to distract the trier of fact compels the trial court to weigh the evidence and to exclude it "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

State v. Pinero (Haw. 1989), 778 P.2d 704, 710.

The other crimes evidence was the central focus of this case when it was tried in the District Court. The State spent more than half of its time in presenting the other crimes evidence. The pro

16

_forma_ admission by the District Court of other crimes evidence without any real consideration of whether the requirements of Rule 404 were met has resulted in the exception of Rule 404 swallowing up what the Rule originally intended, that other crimes evidence is inadmissible.

My other objection to the conviction is that the value of the alleged stolen property is not sufficiently established in this case. The birdbath, along with a number of other items, were sold to a junk dealer for $44. Section 45-2-101(69)(a), MCA, provides that "value" means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime. It seems utterly ridiculous that the replacement value of this aluminum birdbath was $1,500 or $2,200 as the case may be. From the record I find nothing more than a minor misdemeanor crime, if a theft was actually proved. For that misdemeanor, defendant has been sentenced to serve 3½ years in the Montana State Penitentiary. It is a small wonder we have overcrowded jail conditions there.

I concur with Justice Hunt's dissent.

_John C. Sheehy_
Justice

17

Justice William E. Hunt, Sr., dissenting:

I specially concur in the foregoing dissent of Justice Sheehy and wish to add that, although the establishment of the three Just factors may indicate that the introduction of other crimes evidence may have some probative value, the use of that other crimes evidence must still be ultimately balanced against its prejudicial effect. The majority states that compliance with certain procedural activities alleviates any prejudicial effect that may result from the introduction of this other crimes evidence. It is with this analysis that I disagree.

Just evidence, or other crimes evidence, may be used to prove that the defendant had the intent to commit the crime charged. Rule 404(b), M.R.Evid. In other words, the Just evidence is used primarily to support the requisite "state of mind" element of the charged crime. In Just, the Court adopted a four-step analysis in determining whether evidence of other crimes was admissible. State v. Just, 184 Mont. 262, 602 P.2d 957 (1979). In addition to these four steps, the Court also adopted certain procedural safeguards to protect the defendant against the almost certain prejudice that would occur to the defendant at any time Just evidence is admitted. However, as the majority would believe, these safeguards did not replace the requirement of balancing the probative value of such evidence versus its prejudicial effect.

To determine the prejudicial effect that the introduction of Just evidence may have on a defendant's case the Court must examine each individual set of facts. If, in reviewing each set of facts, the Court determines that "the jury might overestimate the probative value of the evidence and assume that merely because the defendant committed crimes before, he is likely to be guilty of the crime charged" the introduction of the Just evidence is overly prejudicial and must be excluded. State v. Hansen, 187 Mont. 91, 99, 608 P.2d 1083, 1088 (1980).

18

The facts of this case, as discussed in Justice Sheehy's dissent, indicate that the only evidence used to prove the defendant's "state of mind" in committing the charged offense was the _Just_ evidence. Without additional evidence to support this necessary element, the prejudicial effect upon the defendant was significant and must be scrutinized beyond the procedural safeguards described by the majority. Although the jury was properly instructed regarding the significance of the _Just_ evidence in their deliberations, it is obvious, in light of the lack of evidence existing in the record to support the defendant's commission of the charged theft, that the jury chose to convict the defendant based upon the previous "bad act." Such an occurrence totally contradicts the purpose of _Just_ evidence. The conviction should be reversed because the jury overestimated the probative value of the evidence and concluded that, based upon the _Just_ evidence, the defendant was likely to be guilty of the crime charged.

_William E. Hunt_
Justice