JUSTICE McDONOUGH
delivered the Opinion of the Court.
Defendant, Joseph Hensley, appeals from a decision by a jury of the Nineteenth Judicial District, Lincoln County, convicting him of sexual intercourse without consent. Hensley was sentenced to 20 years in prison. We reverse and remand for a new trial.
The issues on appeal are:
1. Whether the District Court erred in admitting the testimony of Ann Anderson, a social worker regarding the credibility of a sexual abuse victim.
2. Whether the District Court erred in allowing Ann Anderson to testify about another report of abuse concerning defendant’s wife and son.
3. Did the District Court err in considering the results of defendant’s polygraph examination for sentencing?
4. Did the District Court err in refusing to allow defense witness to testify on rebuttal?
Defendant Joseph Hensley was convicted of molesting his natural daughter, E.H., between 1980 and 1985 while they resided in Lincoln County. According to the allegations made by E.H., Joseph Hensley entered her room two or three times a week between 1980 and 1985. According to E.H.’s testimony, the defendant performed oral sex on her, digital penetration, and, at times, made her massage his penis.
The victim did not report these instances to anyone until 1989 when, after arguing with her mother, her mother threatened to send *480 E.H. to live with her father in California. Because E.H. and her mother were not getting along at the time, E.H. was living with another woman in the community. This woman encouraged E.H. to report the incidents because E.H. was having trouble sleeping at night. E.H. reported the incidents, first to Pat Warneke, a probation officer, then to Ann Anderson, a social worker for the Department of Family Services.
On August 10, 1989, an information was filed in Lincoln County District Court charging Hensley with sexual intercourse without consent. On January 4, 1990, the defendant was convicted of the above crime. This appeal followed.
I
Whether the District Court erred in admitting the testimony of Ann Anderson, a social worker, regarding the credibility of a child abuse victim.
At trial, E.H. testified that the family lived in three different trailers during the time the incidents took place. When the family moved into the first trailer E.H. testified she shared a bedroom with her two brothers. Approximately halfway through their stay in the first trailer she moved into her own room. From then on E.H. testified she had her own room unless relatives, most often her grandmother, came to visit. During these visits, E.H. bunked with her brother, but most of the time she stayed on the couch.
Testimony from other family members indicated that E.H.’s grandmother shared a room with E.H. for extensive periods of time during the five- year period. E.H.’s younger brother testified he never saw their father go into E.H.’s room at night. E.H.’s mother testified on cross-examination that she thought E.H. was lying about the allegations E.H. made against her father.
The State called Ann Anderson, a social worker, as a rebuttal witness. The testimony was admitted after objection by the defendant. Anderson testified as follows:
“Q. And do you have any reason to doubt E.H.’s truthfulness in this case?
“A. No, I don’t.
“Q. Has there been anything that you have seen that you are trained in professionally that you use to judge her truthfulness that indicates she is untruthful?
“A. No.”
We have previously stated that the credibility of a witness lies *481 exclusively within the province of the trier of fact. “Expert testimony regarding credibility improperly invades the jury’s function by placing a stamp of scientific legitimacy on the victim’s allegations. Therefore, we generally will not allow an expert witness to comment on the credibility of the alleged victim.” State v. Harris (1991), 247 Mont. 405, 808 P.2d 453, 455. (Citations omitted.)
However, we have carved out an exception to the rule in the instance that a young child makes an allegation of sexual abuse and expert testimony could assist the jury. Id. [808 P.2d] at 455. The exception is further narrowed in that the child must testify at trial, the child’s credibility must be brought into question, and the expert witness must be properly qualified. State v. Scheffelman (1991), 250 Mont. 334, 820 P.2d 1293. Here the qualifications of the expert were not challenged.
Under the circumstances of this case, when E.H. testified at trial she was approximately one month shy of seventeen years of age. She testified that her father sexually abused her over a five-year period. She further testified that she had her own room for the majority of time during those five years. E.H.’s two brothers, her father and mother contradicted that testimony, alleging that E.H.’s grandmother and brother often visited the family home which necessitated that E.H. share her room. E.H.’s credibility was brought into question when E.H.’s mother testified, in response to a question on cross- examination by the county attorney, that she thought E.H. was lying about the allegations E.H. made against her father.
Even assuming that E.H.’s credibility was properly challenged, there is a question as to whether the testimony of Ann Anderson regarding this sixteen-year-old’s credibility was proper.
Our earlier cases in which we allowed expert testimony as to the credibility of a child sexual abuse victim involve very young children. In State v. Geyman (1986), 224 Mont. 194, 729 P.2d 475, the victim was nine years old. In State v. French (1988), 233 Mont. 364, 760 P.2d 86, we upheld the district court’s ruling that the school counselor could offer opinion testimony that the six-year-old victim was telling the truth.
Commentators have suggested that in limited circumstances an expert witness may aid the jury by testifying on the credibility of the child witness. Myers, Expert Testimony in Child Sexual Abuse Litigation, 68 Neb.L.Rev. 121, 127 (1989):
“[w]hile qualified experts possess specialized knowledge regarding *482 certain aspects of credibility, expert capacity to detect lying and coaching is too limited to justify admission of generalized credibility testimony.
“While generalized credibility testimony is properly excluded, circumstances exist where narrowly tailored expert testimony may be proper to rebut certain attacks on credibility. For example, if the defense asserts or intimates strongly that children as a group lie about sexual abuse, it seems fair to permit rebuttal expert testimony
In State v. Haseltine (App. 1984), 120 Wis.2d 92, 352 N.W.2d 673, the Wisconsin Appeals Court held it was error to admit expert testimony as to whether a sixteen year old was an incest victim. The court said, “No witness, expert or otherwise, should be permitted to give an opinion that another mentally and physically competent witness is telling the truth.” The court went on to distinguish this case from other sexual abuse cases where expert testimony would be helpful to the jury. Here E.H. was sixteen years old, was a competent witness, and was under no physical or mental disability. A jury is capable of assessing the credibility of such a witness. We conclude the admission of this testimony was erroneous and is reversible error.
II
Whether the District Court erred in allowing Ann Anderson to testify about another report of abuse concerning defendant’s wife and his son.
At the time of trial Hensley, through his counsel, objected to testimony by Ann Anderson regarding an earlier report of abuse involving defendant’s wife and son on relevancy grounds. We agree with the defendant and hold that the testimony was irrelevant to defendant’s guilt or innocence, which was the sole issue at trial.
III
Did the District Court err in considering the results of defendant’s polygraph examination during sentencing?
Section 37-62-302, MCA, provides that: “[rjesults of a polygraph examination or other test given by an examiner may not be introduced or admitted as evidence in a court of law.” In expanding this section, we have prohibited the introduction of polygraph examination results in any proceedings in Montana courts of law. State v. *483 Staat (1991), [248 Mont. 291,] 811 P.2d 1261, 48 St.Rep. 331,. The introduction and consideration of the results of a polygraph examination was erroneous.
IV
Did the District Court err in refusing to allow a defense witness to testify on rebuttal?
Because we reverse and remand for a new trial, we do not address this issue on appeal.
This judgment is reversed, and the cause is remanded to the District Court for a new trial.
CHIEF JUSTICE TURNAGE and JUSTICES HARRISON and GRAY concur.