No. 96-094

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

JACK
MASON,

Defendant and Appellant.



APPEAL FROM:        District Court of the Tenth Judicial District,
                    In and for the County of Fergus,
            The Honorable John Christensen, Judge presiding.



COUNSEL OF RECORD:

For Appellant:

Steven M. Hudspeth, Great Falls, Montana

For Respondent:

Thomas P. Meissner, Fergus County Attorney, Lewistown, Montana;
Joseph P. Mazurek, Attorney General, Jennifer Anders, Assistant
                    Attorney
            General,Helena, Montana



Submitted on Briefs:   April 24, 1997

Decided:      June 17, 1997
Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.


Appellant Jack Mason (Mason) appeals convictions entered by the Tenth Judicial District Court, Fergus County, after a jury found him guilty of two counts of sexual intercourse without consent and one count of felony sexual assault.  We affirm.

ISSUES

Mason presents the following restated issues upon appeal:

1.  Did the District Court abuse its discretion in denying Masonþs motion to dismiss Count II and Count III of the information for lack of probable cause?

2.  Did the District Court abuse its discretion in denying Masonþs motion to dismiss the charges for violation of the applicable statute of limitations?

3.  Did the District Court abuse its discretion in allowing witnesses to testify that the victim displayed psychological characteristics consistent with having been sexually abused?

FACTS

On December 6, 1993, the Fergus County Attorney charged Mason with two counts of sexual intercourse without consent and one count of felony sexual assault against his grand-niece, R.K.  R.K. contacted the County Attorney in April of 1992, when she was nineteen years old.  The incidents giving rise to the charges, however, took place some six years before, when R.K. was about thirteen years old.

Prior to trial, Mason moved to dismiss Count II, felony sexual assault and Count III, sexual intercourse without consent.  The District Court denied these motions.  After the evidence was submitted at trial, Mason moved the District Court to direct an acquittal based on the Stateþs alleged failure to prove that the charges had been filed within the applicable statute of limitations.  The District Court denied this motion as well.  In addition, Mason objected at trial to the testimony of R.K.þs school and psychological counselors.  The District Court prohibited the counselors from testifying regarding R.K.þs credibility, but otherwise allowed their testimony.

Following a three-day jury trial, Mason was convicted of all the charged offenses.  Mason appeals the denial of his motions to dismiss two of the charges, the denial of his motion to direct an acquittal, and the allowance of the testimony of R.K.þs counselors.


ISSUE 1

Did the District Court abuse its discretion in denying Masonþs motion to dismiss

Count II and Count III of the information for lack of probable cause?

Mason argues that the District Court abused its discretion in denying his motion to dismiss Counts II and III of the information. He contends that the information did not contain allegations specific enough to meet the probable cause requirement of 46-11-201(2), MCA.

Leave to file an information will be granted if it appears from the application that probable cause exists to indicate that the offenses have been committed by the defendant. State v. Ramstead (1990), 243 Mont. 162, 165-66, 793 P.2d 802, 804. In the supporting affidavit, the State need only recite facts sufficient to indicate a probability that the named defendant committed the charged offenses; the State need not demonstrate a prima facie case. Ramstead, 793 P.2d at 804. See also State v. Little (1993), 260 Mont. 460, 861 P.2d 154. In reviewing an affidavit for probable cause, the district court may use common sense and draw permissible inferences. On appeal, this Court will not reverse a district courtþs determination regarding probable cause absent an abuse of discretion. Little, 861 P.2d at 160; Ramstead, 793 P.2d at 804.

In this case, the affidavit underlying the information contained a long excerpt from R.K.þs journal, detailing the abuse she suffered as a child. This excerpt vividly recounted the progression of the abuse as well as the details of the particular incidents which gave rise to the charges. However, as Mason notes, R.K. in the journal sometimes employed euphemisms, such as recounting the initial events of one incident and then stating that Mason "proceeded to do his thing." Mason contends that such phrases are vague and insufficient to support a finding of probable cause to charge him with the challenged crimes.

The affidavit, however, is not limited to the excerpt from R.K.þs journal. It also contains the testimony of the county attorney, who attested that the victim had told him that sexual contact took place during the incident giving rise to the charge of sexual assault, and that penetration took place during the incident giving rise to the charge of sexual intercourse without consent. The affidavit in this case was both lengthy and detailed, and the representations of the victim, together with the statements of the county attorney, constituted more than sufficient probable cause to support the information. As noted above, the prosecution need not prove its case before charging a defendant; it need only recite facts indicating that it is probable that the defendant committed the

offenses.

Ramstead, 793 P.2d at 804.  We conclude that the District Court did not abuse its discretion in finding sufficient probable cause to charge Mason with the crimes alleged.

ISSUE 2

Did the District Court err in denying Masonþs motion to dismiss the charges for
violation of the applicable statute of limitations?

Mason next argues that the District Court erred in denying his motion to dismiss
the charges for violation of the statute of limitations.  Mason did not move to dismiss the
charges until the end of the case but, as he correctly notes, a claimed violation of the
applicable statute of limitations is a jurisdictional issue which may be raised at any time.
State v. Larson (1989), 240 Mont. 203, 205, 783 P.2d 416, 417.  Whether the District
Court correctly applied the statute of limitations is a question of law.  Hollister v.
Forsythe (1995), 270 Mont. 91, 93, 889 P.2d 1205, 1206.  See also Barthule v. Karman
(1994), 268 Mont. 477, 484, 886 P.2d 971, 976.  This Court reviews questions of law
to ensure the trial courtþs application of the law was correct.  Hollister, 889 P.2d at 1206;
Barthule, 886 P.2d at 976.

A felony prosecution must be commenced within five years of the commission of
the offense.  Section 45-1-205(2)(a), MCA.  However, if the victim is under eighteen
years old,  the statute of limitations is tolled for certain sex offenses (including both
felony sexual assault and sexual intercourse without consent) until he or she reaches
eighteen. Section 45-1-205(1)(b), MCA.  This provision regarding victims under eighteen
was enacted in 1989 and applied retroactively to all offenses that were committed before
the effective date and for which the statute of limitations had not yet expired.  Since the
statute of limitations for a felony prosecution is five years, the State was empowered to
prosecute any felony occurring after March 24, 1984, or five years prior to the relevant
amendment of  45-1-205(1)(b), MCA.

Mason contends that the State failed to prove that the incidents giving rise to the
offenses charged occurred after March 24, 1984.  He notes that R.K. was unable to
pinpoint when the incidents took place, testifying only that they occurred when she was
in the seventh and eighth grades.  Mason contends these vague references to time are not
sufficient to confirm that the statute of limitations on these offenses had not previously
expired.

We disagree.  The testimony at trial established that R.K. was born in

February of 1973 and was a sophomore in high school in February of 1989. According to these dates, R.K. progressed through school at the usual rate of one grade per year, starting first grade at age six. In March of 1984, she would have been eleven years old and in the fifth grade. Yet at trial R.K. testified that the abuse began during her twelfth year, and that the incidents giving rise to the charges occurred when she was in the seventh and eighth grades. While R.K. was unable to fix the dates of the offenses with particularity, the record is devoid of any indication that they occurred prior to March of 1984, thereby exceeding the statute of limitations. We have held that "because children are less likely to distinguish dates and times with specificity, the fact that a victim cannot set a date for the crime should not be fatal to the Stateþs case. To hold otherwise would leave the defendant virtually immune from prosecution." Little, 861 P.2d at 161. We conclude that the District Court did not err by refusing to dismiss the charges or by concluding that the applicable statute of limitations had not expired.

. ISSUE 3

Did the District Court abuse its discretion in allowing witnesses to testify that the victim displayed psychological characteristics consistent with having been sexually abused?

Lastly, Mason argues that the District Court abused its discretion in allowing the testimony of R.K.þs high school and psychological counselors. He contends that these individuals impermissibly commented on the victimþs credibility and that, therefore, their testimony should have been excluded. This Court reviews evidentiary rulings to determine whether the District Court abused its discretion in admitting or refusing the evidence in question. State v. Stuit (1996), 277 Mont. 227, 230, 921 P.2d 866, 868 (citing State v. Riley (1995), 270 Mont. 436, 440, 893 P.2d 310, 313; State v. Santos (1995), 273 Mont. 125, 137, 902 P.2d 510, 517).

Masonþs assertion of error is premised on his characterization of the counselorsþ testimony as tending to "bolster or corroborate" R.K.þs testimony. He correctly notes that evidence presented to corroborate a victimþs testimony is generally inadmissable, absent an attack on the victimþs credibility by the defendant. Rule 801(d)(1)(B), M.R.Evid. Since Mason did not attack the victimþs credibility, he argues that the counselorsþ testimony was inadmissable and should have been excluded. In support of this contention, Mason cites State v. Hensley (1991), 250 Mont. 478, 821 P.2d 1029, and In re the Teaching Certificate of Thompson (1995), 270 Mont. 419, 893 P.2d 301. These cases are not on point. Hensley addressed the ability of a qualified expert

to testify directly about the credibility of a victim who testifies in a child sexual abuse case. Thompson involved a lack of foundation for the use of expert testimony to address the credibility of a victim over the age of seventeen. Thus, both Hensley and Thompson are cases involving testimony commenting directly on the victim's credibility. Mason's reliance on these cases is premised on the assumption that the counselors' remarks also constituted direct commentary on R.K.'s credibility. This assumption misconstrues the testimony.

The counselors in question worked with the victim during high school, prior to her reporting the offenses to the authorities and before investigation of the charges. The counselors described their counseling relationships with R.K. and testified that during those relationships they observed certain behavioral characteristics, such as depression, guilt and anger, which are symptomatic of sexual abuse victims. The counselors did not testify regarding whether R.K. was telling the truth or give their opinions as to her credibility. To the contrary, the District Court before trial specifically prohibited the State from eliciting their testimony regarding R.K.'s credibility. The counselors' testimony regarding counseling sessions which occurred long before trial did not serve to corroborate R.K.'s testimony. Instead, it set forth the counselors' personal observations regarding her behavior, which was relevant to the issue of whether the offenses charged actually occurred. This in turn was relevant to the jury's determination of whether Mason had or had not committed the offenses charged. The District Court did not abuse its discretion in allowing the challenged testimony.

Affirmed.

/S/ WILLIAM E. HUNT, SR.


We Concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ KARLA M. GRAY