No. 99-197

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 319[56 St.Rep. 1272]

297 Mont. 274

992 P.2d 1266

STATE OF MONTANA,

Plaintiff and Respondent,

v.

BRUCE HAMBY,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Diane G. Barz, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Taraneh L. Javid, Public Defender's Office, Billings, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Tammy K. Plubell,

Assistant Attorney General, Helena, Montana

Dennis Paxinos, County Attorney; Beverly Tronrud, Deputy

County Attorney, Billings, Montana

Submitted on Briefs: September 30, 1999

Decided: December 22, 1999

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶ Pursuant to § 45-5-503, MCA, a jury found Bruce Hamby guilty of sexually assaulting D.S., a ten-year old girl with Down's Syndrome. He was sentenced by the Thirteenth Judicial District Court, Yellowstone County, to 50 years at the Montana State Prison. Hamby appeals his conviction based on discretionary rulings involving the denial of a lesser included offense instruction, a competency hearing, and admission of certain testimony. We affirm the District Court as to each of these matters and uphold Hamby's conviction.

¶ We restate the dispositive issues as follows:

¶ 1. Did the District Court abuse its discretion when it refused to give a lesser included offense instruction for misdemeanor assault?

¶ 2. Did the District Court abuse its discretion when it failed to hold a competency hearing with D.S. on the record with counsel present?

¶ 3. Did the District Court abuse its discretion when it denied Hamby's motion in limine and his objection to testimony regarding hearsay statements allegedly made by D.S.?

¶ 4. Did the District Court abuse its discretion when it allowed a counselor to testify about her observations of D.S.?

FACTUAL AND PROCEDURAL BACKGROUND

¶ Hamby was friends with D.S. and her mother, Betty. He visited them regularly and helped them around their house. On the day in question, Hamby, Betty and other friends were visiting outside, and D.S. was in her bedroom watching a movie. Hamby went inside to use the bathroom. After about 15 minutes, Betty noticed that D.S. was unusually quiet so she went inside to check on her. Betty found Hamby on D.S.'s bed lying on top of her and apparently kissing her. When Betty asked what was going on, Hamby stood up and commented on how much D.S. loved to wrestle. D.S. was grabbing her tongue, scratching at it and gagging.

¶8 Concerned, Betty took D.S. to the bathroom and asked Hamby to leave. In the bathroom, D.S. grabbed at her crotch, performed licking motions and said that Hamby licked her "ploop-ploop" (the word she uses for vagina). She also told Betty that Hamby sucked her tongue.

¶9 After the incident, D.S. became fearful and had unusual outbursts of anger. Because of this, Betty arranged for D.S. to meet with a counselor. The counselor, Billie Wray, saw D.S. three times. At trial, Wray testified about the observations she made during her visits with D.S. Betty testified as to the events that took place immediately following the incident with Hamby. Anita Powell, who was Hamby's girlfriend, testified that Hamby told her that to the best of his knowledge he was wrestling with D.S.

¶10 Hamby filed a motion in limine requesting in pertinent part that Wray not be allowed to give

an opinion that D.S. was sexually abused or to make any reference to Hamby or name him as the perpetrator. Hamby also requested that the court preclude the State from eliciting any of D.S.'s statements through other witnesses. The District Court denied Hamby's requests but stated that proper foundation for such testimony would be necessary.

¶11 Immediately prior to trial, the court held a competency hearing with D.S. to determine whether "certain statements of the victim c[ould] be admitted through another witness." In its order, the court required both parties to appear at the hearing. However, the court conducted the hearing with D.S. in the judge's chambers with neither party present. The judge then declared D.S. incompetent, stating that:

[D.S. is] very obviously incompetent to testify and is not able to communicate. Most of what she said was unintelligible, to the Court at least, and I will make proper findings, if necessary, . . ., in regard to that. I'm making this finding, though, simply to show that she cannot be available for trial and is incompe-tent, which should be of no surprise.

Despite Hamby's objection, the District Court admitted D.S.'s statements through Betty's testimony.

¶12 When Hamby proposed a lesser included offense instruction for misdemeanor assault, the District Court denied it. Ultimately, a jury found Hamby guilty of sexual assault and the District Court sentenced him to 50 years in prison. Hamby appeals.

STANDARD OF REVIEW

¶13 We review all of the issues on this appeal for an abuse of discretion. This Court gives

broad discretion to a district court in formulating jury instructions so long as the instructions, as a whole, fully and fairly instruct the jury on the law applicable to the case. See State v. Robbins, 1998 MT 297, ¶ 27, 292 Mont. 23, ¶ 27, 971 P.2d 359, ¶ 27. The question of admissibility of testimony under a hearsay exception is left to the sound discretion of the trial court. We will not overrule the district court's decision that a hearsay exception applies absent an abuse of discretion. See State v. Norgaard (1982), 201 Mont. 165, 176, 653 P.2d 483, 488. An abuse of discretion applies to the admissibility of other testimony, as well. See, e.g., State v. Mason (1997), 283 Mont. 149, 154, 941 P.2d 437, 441.

ISSUE 1

¶14 Did the District Court abuse its discretion when it refused to give a lesser included offense instruction for misdemeanor assault?

¶15 Hamby asked in his Proposed Instruction No. 4 that the court inform the jury that "[i]n the event you find the defendant not guilty of felony sexual assault, you must then consider the lesser included offense of misdemeanor assault." In his Proposed Instruction No. 6, Hamby asked the court to define misdemeanor assault as a crime for which the State must prove "[t]hat the defendant made a physical contact of a provoking or insulting nature." See § 45-5-502(1), MCA.

¶16 Hamby argues that a defendant should be afforded every opportunity to be granted a lesser included offense instruction, otherwise his liberty will be put at stake. He cites § 46-16-607(2), MCA, which provides that "[a] lesser included offense instruction must be given when there is a proper request by one of the parties and the jury, based on the evidence, could be warranted in

finding the defendant guilty of a lesser included offense." He reminds us that a "court's instructions should cover every issue or theory having support in the evidence." See, e.g., State v. Ostwald (1979), 180 Mont. 530, 538, 591 P.2d 646, 651.

¶17 However, two criteria must be met before a defendant is entitled to a lesser included offense instruction. First, the offense must actually constitute a lesser included offense of the offense charged and second, there must be sufficient evidence to support the included offense instruction. See State v. Martinez, 1998 MT 265, ¶ 10, 291 Mont. 306, ¶ 10, 968 P.2d 705, ¶ 10. In regard to the second criterion, we have stated that a lesser included offense instruction is not supported by the evidence where the defendant's evidence or theory, if believed, would require an acquittal. See Martinez, ¶ 10.

¶18 Hamby contends that based on Betty and Anita's testimony regarding his statements that he was wrestling with D.S., there was sufficient evidence to support a lesser included instruction for misdemeanor assault. However, for this to be true Hamby's act of wrestling would have to have been of an insulting or provoking nature. To the contrary, Hamby himself admitted that D.S. liked to wrestle. Thus, Hamby's contention must fail. If the evidence supported Hamby's theory that he was merely wrestling with D.S., there would not be sufficient evidence to establish that Hamby knowingly made physical contact of an insulting or provoking nature to constitute a misdemeanor assault; therefore, an acquittal would result. Because we conclude that the evidence did not support Hamby's proposed jury instruction, we need not address the threshold criterion of whether misdemeanor assault is a lesser included offense of felony sexual assault. See Martinez, ¶

10, ¶ 19.

¶19 Thus, we conclude that the District Court fully and fairly instructed the jury on the law applicable to the case, and it did not abuse its discretion.

ISSUE 2

¶20 Did the District Court abuse its discretion when it failed to hold a competency hearing with D.S. on the record with counsel present?

¶21 Hamby argues that his constitutional rights to confrontation and due process were violated when the court failed to include counsel in a competency hearing with D.S., produce a record of the hearing or, in the alternative, make any findings as to whether D.S.'s statements had guarantees of trustworthiness and reliability before admitting them.

¶22 The State points out, however, that Hamby failed to object to the competency hearing or to the court's finding that D.S. was incompetent to testify. Section 46_20_104(2), MCA, provides that "[f]ailure to make a timely objection during trial constitutes a waiver of the objection." An exception is found at § 46_20_701(2), MCA, which provides in part that a claim alleging an error does not require an objection if the convicted person "establishes that the error was prejudicial as to the convicted person's guilt or punishment" and one of three other factors was present. Since Hamby failed to object and he has not shown how a possible error was prejudicial to him, we hold that he has waived his right to have this Court consider his claim. See State v. Maier, 1999 MT 51, ¶ 94, 293 Mont. 403, ¶ 94, 977 P.2d 298, ¶ 94.

¶23 Below, we address Hamby's alternative argument that the court failed to make any findings as to whether D.S.'s statements had guarantees of trustworthiness and reliability.

ISSUE 3

¶24 Did the District Court abuse its discretion when it denied Hamby's motion in limine and his objection to testimony regarding hearsay statements allegedly made by D.S.?

¶25 Pursuant to the excited utterance exception to the rule against hearsay statements found at Rule 803(2), M.R.Evid., the District Court allowed Betty to offer testimony as to the statements D.S. allegedly made after Hamby was on top of her. Hamby contends that the District Court should not have admitted these statements because there were no guarantees of trustworthiness to them given D.S.'s age, her condition with Down's Syndrome, and her incompetence as determined by the District Court. In support of his argument, he cites State v. J.C.E. (1988), 235 Mont. 264, 271-72, 767 P.2d 309, 314, in which we stated that "[t]he hearsay exceptions . . . look to the circumstances surrounding a hearsay statement when it is made--the 'circumstantial guarantees of trustworthiness' that lend reliability to the hearsay statements in lieu of cross-examination." In essence, Hamby argues that once the court determined D.S. was incompetent to testify, her statements lacked a guarantee of trustworthiness whether they were offered by her or someone else.

¶26 However, Hamby fails to recognize that the guarantee of trustworthiness in the excited utterance exception does not depend on the competency of the speaker. Instead, the excited utterance exception relies on the spontaneity of the statement caused by the excitement of the event. The Commission Comments to Montana's excited utterance exception provide that:

The guarantee of trustworthiness is provided by the spontaneity of the statement, caused by the

excitement ". . . which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication."

3 M.C.A. Annot., Title 26 at 446 (1996).

¶27 Hamby proposes that under the excited utterance exception the spontaneity of the statement presupposes that the person making the excited utterance is competent and thus able to make a reliable statement. In support of his proposition, he cites State v. Ryan (Wash. 1984), 691 P.2d 197, 203, a case in which the Supreme Court of Washington stated that if the declarant was not competent at the time of making the statement, the statement may not be introduced through hearsay repetition. Hamby fails to give sufficient attention, however, to the Washington court's exception to this rule which specifically applies to excited utterances. See Ryan, 691 P.2d at 203-04. He also fails to cite any Montana authority to support his proposition.

¶28 Hamby contends that the District Court should not have used the excited utterance exception because D.S.'s statements were not spontaneous. He argues that at least some of D.S.'s statements were prompted by Betty's questions and made after any stress of the excitement of the event subsided.

¶29 The facts do not support Hamby's argument, however. The record shows that D.S. exhibited immediate signs of distress when Betty walked in and found Hamby on top of D.S. The record does not suggest that D.S.'s distress subsided once Betty asked her questions, even when they were in the bathroom. For these reasons, we conclude that D.S.'s reactions were spontaneous and, therefore, admissible. The District Court did not abuse its discretion when it

allowed Betty to introduce D.S.'s statements pursuant to the excited utterance exception.

¶30 Hamby contends that our conclusion violates his right to confront an adverse witness under the Sixth Amendment of the United States Constitution and Article II, Section 24, of the Montana Constitution. Based on Montana law, we do not agree. Also, Hamby does not cite any federal law contrary to our decision.

¶31 Because we affirm the District Court's application of the excited utterance exception, we do not consider the parties' arguments regarding the residual hearsay exception found at Rule 804(a)(5), M.R.Evid. Furthermore, the District Court did not rely on the residual hearsay exception to admit evidence of D.S.'s statements.

ISSUE 4

¶32 Did the District Court abuse its discretion when it allowed a counselor to testify about her observations of D.S.?

¶33 At trial, Wray testified as to a particular exercise she had D.S. perform. In one of their counseling sessions, Wray drew a face and told D.S. the face was of Hamby. She then asked D.S. if she wanted to hit it and handed her a soft rubberized bat. Wray testified that D.S. was very intent on hitting the face. The first time D.S. hit the face for 30 minutes and the second time for 20 minutes. Wray stated that D.S. exhibited a great deal of anger while doing this.

¶34 Hamby argues that Wray's testimony was highly prejudicial because it had the same effect on the jury as had Wray identified him as the perpetrator. In particular, Hamby argues that the District Court abused its discretion by allowing Wray to identify him as the person represented in

the drawing. Hamby admitted he was found on top of D.S. and claimed they were wrestling. Therefore, his identity in that circumstance was never in question, only his actions were. Wray did not speculate about the reason for D.S.'s reaction, nor did she provide any testimony to imply that Hamby sexually abused D.S. Thus, we conclude that the District Court did not abuse its discretion by allowing Wray to testify about her observations of D.S.

¶35 We affirm the District Court on each of the issues presented and uphold Hamby's conviction.

/S/ J. A. TURNAGE

We concur:

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER